Jimmy Don SIMMONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43068.

Court of Criminal Appeals of Texas.

July 22, 1970.

James H. Miller, Dallas (Court Appointed on Appeal Only), for appellant.

Henry Wade, Dist. Atty., Henry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason and John B. Tolle, Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, 35 years' confinement in the Texas Department of Corrections.

The indictment in Cause No. C–67–852–JI charged the offense of robbery by assault

with a firearm. On September 15, 1967, the State by written motion, approved by the court, waived and abandoned the capital feature of the indictment. On that same date[1] the appellant waived trial by jury and entered a plea of guilty to the offense of robbery before the court after he had been duly admonished by the court of the consequences of his plea.

By agreement this cause was heard at the same time with Cause Nos. C–67–853–JI and C–67–854–JI in which cases the appellant was also charged with the offense of robbery. He also entered pleas of guilty in each of those causes after the State had by written motion waived and abandoned the capital features of those indictments.

Certain stipulations were entered into in accordance with Article 1.15, Vernon's Ann.C.C.P., and the appellant was sworn and took the stand and made a judicial confession in each of the causes being tried together. The sufficiency of the evidence is not challenged.

In his first ground of error the appellant contends the judgment is defective. This claim is based upon the fact that the notation "Upon written motion of the District Attorney, the following wording of the indictment, 'and then and there by using and exhibiting a firearm, to-wit: a gun' is hereby dismissed" was not included in the body portion of the judgment but is found at the top of the judgment form following the style of the case and preceding the word "Judgment."

The judgment correctly reflects a conviction for robbery by assault and is in compliance with Article 42.01, V.A.C.C.P. While it would have been more desirable if the notation mentioned had been included in the body of the judgment, its insertion at the top of the form, though not commendable, is not reversible error.

Ground of error #1 is overruled.

1. The plea of guilty was entered on September 15, 1967, and sentence was pronounced the same day. The court permitted the appellant to give a belated notice of appeal on October 20, 1967. See Article 44.08, Sec. (e), V.A.C.C.P. The appellate record did not reach this Court, however, until April 20, 1970.

We find no merit in appellant's next contention that there should have been a written waiver signed by the appellant and his counsel before the court heard the three pleas of guilty to unrelated robberies together and at the same time. We know of no authority requiring the same and appellant has cited none. He acknowledges that there was an oral waiver and an agreement that such procedure could be utilized.

Ground of error #2 is overruled.

Appellant also contends the court erred in failing to admonish, advise, inform and warn him at the time he entered his guilty plea, as a part of the consequences thereof, that the court had the authority to "stack" or cause the sentences to run consecutively. See Article 42.08, V.A.C.C.P. He contends that is a requirement of Article 26.13, V.A.C.C.P., even though all the sentences here involved were concurrent sentences rather than cumulative sentences. We do not agree that Article 26.13, supra, obligates the trial court to inform an accused pleading guilty or nolo contendere of its discretion to cumulate sentences when admonishing him of the consequences of his plea.

Ground of error #3 is overruled.

Lastly, appellant contends the cause should be reversed because the judgment does not reflect that the court found the appellant sane at the time of his plea of guilty. See Article 26.13, supra; Lopez v. State, Tex.Cr.App., 79 S.W.2d 1095.

The judgment reflects in part as follows: "[T]hereupon the defendant was admonished by the Court of the consequences of the said plea and the defendant persisted in entering said plea, and it plainly appearing to the Court that the defendant is *and* and that he is uninfluence*s* in making said plea by any consideration of fear * * *."

The State urges and we agree that the use of the word "and" in place of "sane" is merely a typographical error.

No issue as to the mental condition of the appellant at the time of the plea was ever raised, and appellant does not now raise such issue but seeks to rely upon the typographical error in the judgment when the record was approved without objection. See Article 40.09, V.A.C.C.P. The judgments in the other two cases heard at the same time both reflect that the court found the appellant sane at the time of the pleas of guilty in those cases.

Ground of error #4 is overruled.

The judgment is affirmed.