

**NUMBER 13-07-610-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**CLEO CHESTER McGREW, JR.,**                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

**On appeal from the 24th District Court of Jackson County, Texas.**

# O P I N I O N

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Opinion by Justice Benavides

Appellant, Cleo Chester McGrew, Jr., appeals a conviction for evading detention with a vehicle. TEX. PENAL CODE ANN. § 38.04(a) (Vernon 2003). McGrew pleaded nolo contendere to the charge and "true" to six enhancement allegations. The trial court sentenced him to sixteen years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. See *id.* § 12.33(a) (Vernon 2003); *id.* § 12.42(a)(2) (Vernon Supp. 2007). McGrew appeals, complaining that his plea was involuntary and obtained in

violation of his due process rights because the trial court failed to warn him that his sentence could be imposed to run consecutively with another sentence.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon 2006).  We affirm.

## I.  Background

On March 23, 2007, McGrew was indicted by a Jackson County grand jury for evading detention with a vehicle.  The indictment contained six enhancement paragraphs,[1] which made the offense a second-degree felony with a punishment range of not less than two nor more than twenty years' confinement and a fine not to exceed $10,000.  TEX. PENAL CODE ANN. §§ 12.33(a), 12.42(a)(2).

On August 30, 2007, the parties appeared for a hearing.[2]  McGrew's counsel attempted to demonstrate that McGrew did not understand the proceedings against him and, in particular, questioned McGrew about whether he understood the possible sentence in the case.  McGrew admitted that the trial court had admonished him that he could receive between two and twenty years in prison and up to a $10,000 fine.  McGrew, however, appeared confused about why he could receive such a large sentence by committing a mere state jail felony.  His counsel then asked if he understood that enhancements for prior felonies could increase the sentence, and McGrew stated he understood.  But McGrew then began to question whether the State could abandon the enhancements.  After some explanation, McGrew appeared to understand that the prosecutor had discretion to pursue the enhancements.

---

[1] The enhancement paragraphs alleged that McGrew had been convicted previously of felony possession of marijuana on two occasions, felony possession of a controlled substance, felony unlawful delivery of a controlled substance on two occasions, and felony burglary of a habitation.

[2] McGrew calls this a "competency hearing," and the court reporter labeled it as such.  However, the State points out that the trial court determined at the hearing that competency had not been raised as an issue in the case.

On September 24, 2007, McGrew appeared for the purpose of pleading nolo contendere to the charges. He signed a plea memorandum which explained the rights that he was waiving by entering the plea. Exhibit A explained that he had been charged with evading detention with a vehicle, a second degree felony with a punishment range of two years to twenty years and a fine of up to $10,000. Nevertheless, the trial court orally explained the punishment range. After McGrew confirmed that he understood the punishment range and that his plea was voluntary, the trial court took the plea under advisement. At no time during this hearing did anyone mention cumulative sentences for any other crimes McGrew allegedly committed.

On September 28, 2007, the parties appeared for punishment. At that hearing, the State read the enhancement paragraphs, and McGrew pleaded "true" to all six enhancement paragraphs. The State then proceeded with its evidence.

The State called Faye Barnett, who was McGrew's parole officer. She testified regarding enhancement paragraph six, which alleged that before the commission of the primary offense, McGrew was convicted on July 12, 2000 of burglary of a habitation in cause number 99-4-17-653-D in the 377th District Court of Victoria County, Texas. She testified that McGrew was sentenced to twenty-five years' imprisonment and was admitted to prison on August 21, 2000. He was placed on parole on February 13, 2006. However, since that time, she asserted that McGrew had violated his parole conditions on several occasions. She explained that she would be recommending that his parole be revoked.

During his examination, the prosecutor asked Barnett to explain the process for revoking McGrew's parole. McGrew's attorney objected that it was irrelevant. The prosecutor then responded that he intended to ask the court to "stack" the sentence for

3

evading detention with a vehicle on top of whatever sentence would be imposed for the parole violations. McGrew's attorney did not inquire into this explanation, and the trial court overruled his objection.

After several witnesses testified, the State sought to admit a stipulation of McGrew's prior convictions, signed by McGrew. The trial court inquired whether McGrew understood the stipulation, and McGrew confirmed that he understood. The State then admitted sworn copies of all McGrew's prior convictions, including those alleged in enhancement paragraph six, relating to the burglary of a habitation conviction for which McGrew was on parole. McGrew's counsel did not object to this evidence.

The trial court then asked if McGrew had any evidence to present regarding punishment. His counsel stated that he had discussed the full range of punishment with McGrew and asked for probation or deferred adjudication. McGrew's counsel acknowledged that McGrew was on parole and that the State would ask to stack the sentences, stating:

> He should have asked for a lawyer at the Grand Jury and gotten some good legal advice and it wouldn't have made things worse, but as he is under a 25-year sentence right now, subject to revocation, so it's almost certain he'll be revoked and [the State] is probably going to ask for some stacking and I want the Court to consider the whole picture and make a good decision. Thank you.

The prosecutor then summarized all McGrew's criminal history and formally asked the trial court to stack his sentence, stating:

> I'd like to also, the Court can stack this. I've got three cases . . . . I had to look these up because the argument that I could see could be made for not stacking is the Court can only stack by saying this sentence begins when the other sentence is final or has been completed and the argument was made, well, once you go to prison that sentence has been disposed of, but they said, no, even if the parole hasn't been revoked at that point, if you stack, you can put this sentence begins when the other sentence ceases to

4

operate. That's what it was—ceases to operate—and what the courts have held is, that means that if he is revoked then he does his parole first and this one goes on top. The State would request that he be sentenced to 20 years and that it be stacked on his parole, which would be that cause number—I think the Court, if the Court is wanting to do that, the court would have to cite the language that's contained in the burglary of a habitation convictions.

McGrew's counsel did not object or make any additional statements regarding the possibility of stacking McGrew's sentences. The trial court then pronounced his finding that McGrew was guilty of evading detention with a vehicle and that the enhancement paragraphs were true. The court imposed sixteen years' imprisonment and ordered for the sentence to begin when the prior sentence from Victoria County for burglary of a habitation had ceased to operate. This appeal ensued.

## II. Analysis

By a single issue, McGrew argues that his plea was involuntary because the trial court did not admonish him of the possibility of stacking his sentence on top of the previous sentence imposed for burglary of a habitation.[3] McGrew argues that this failure caused his plea to be obtained in violation of his constitutional right to due process. U.S. CONST. amends. V, XIV. Although McGrew cites to *Boykin v. Alabama*, 395 U.S. 238, 243 (1969), for the proposition that his plea must be voluntary, he does not cite any other authority to support his argument. TEX. R. APP. P. 38.1(h) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Under these circumstances, we could hold that McGrew failed to adequately

---

[3] We note that McGrew does not argue that the trial court abused its discretion in cumulating the sentences, only that he was not warned of this possibility. Additionally, although McGrew was present at the sentencing hearing when the prosecutor and his counsel discussed the possibility of stacking the sentences, at that point, he did not have an absolute right to withdraw his plea. *Mendez v. State*, 138 S.W.3d 334, 345 (Tex. Crim. App. 2004) (holding that "when trial by jury has been waived, the defendant may change the plea from guilty to not guilty until the court pronounces judgment or takes the case under advisement"); *Jackson v. State*, 590 S.W.2d 514, 519 (Tex. Crim. App. 1979).

5

brief his issue and, therefore, waived the issue. *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) ("This Court has no obligation to construct and compose appellant's issues, facts, and arguments 'with appropriate citations to authorities and to the record.'" (citing TEX. R. APP. P. 38.1(h)).

Nevertheless, we hold that McGrew's argument has no merit. It is true that the trial court did not admonish McGrew that his sentence could be stacked. However, "a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences. It will not be rendered involuntary by lack of knowledge as to some collateral consequence." *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). The court of criminal appeals has further explained that direct consequences are those that are "definite and largely or completely automatic," and that a trial court is only required to advise a defendant of direct consequences that are "punitive in nature or specifically enunciated in the law." *Mitschke v. State*, 129 S.W.3d 130, 135, 136 (Tex. Crim. App. 2004). A consequence has been defined as "collateral," rather than "direct," where "it lies within the discretion of the court whether to impose it," or where "its imposition is controlled by an agency which operates beyond the direct authority of the trial judge." *Id.* at 134.

The Texas Court of Criminal Appeals has not directly addressed whether the failure to warn a defendant of the possibility that sentences will be imposed consecutively violates due process and renders a guilty plea involuntary.[4] However, many federal circuits have held that the imposition of consecutive sentences is a collateral consequence of a guilty

---

[4] In *Simmons v. State*, the court determined whether article 26.13 of the code of criminal procedure, as written at the time, required the trial court to admonish the defendant that sentences could be imposed to run consecutively. 457 S.W.2d 281, 283 (Tex. Crim. App. 1970). It did not determine whether the imposition of consecutive sentences was a direct consequence of a plea. *Id.* In any event, the trial court in *Simmons* imposed concurrent sentences. *Id.*

6

plea, and the failure to warn of this possibility does not render the plea involuntary in violation of the defendant's due process rights.  *See Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005); *United States v. Hurlich,* 293 F.3d 1223, 1231 (10th Cir. 2002); *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000); *United States v. Ferguson*, 918 F.2d 627, 631 (6th Cir. 1990); *United States v. Wills*, 881 F.2d 823, 827 (9th Cir. 1989); *United States v. Ray*, 828 F.2d 399, 417-19 & n.19 (7th Cir. 1987).

We agree that the imposition of consecutive sentences is not a direct consequence of a guilty plea, and a plea is not rendered involuntary by the trial court's failure to warn of such a possibility.  Trial courts have broad discretion to order consecutive sentences—the imposition of consecutive sentences is not definite and largely or completely automatic. *Mitschke*, 129 S.W.3d at 135-36.  Because the trial court's ability to cumulate McGrew's sentences was a collateral consequence of his plea, McGrew has failed to establish that his plea was involuntary due to the trial court's failure to warn of that consequence. McGrew's sole issue on appeal is overruled.

### III.  Conclusion

Having overruled McGrew's sole issue, we AFFIRM the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Publish.
*See* TEX. R. APP. P. 47.2(b).

Opinion delivered and filed this
the 23rd day of October, 2008.

7