

NUMBER 13-10-128-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CLAYTON JOHNSON,                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                   **Appellee.**

### On appeal from the 28th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Memorandum Opinion by Justice Vela

Clayton Johnson appeals his convictions for intoxication manslaughter, a second-degree felony, *see* TEX. PENAL CODE ANN. § 49.08(a), (b) (West Supp. 2010), and intoxication assault, a third-degree felony. *See id.* § 49.07(a), (c). Appellant pleaded guilty to both charges before the court without a plea-bargain agreement. After

presentation of evidence, the jury assessed punishment at fifteen years' and nine years' imprisonment, respectively, plus a $10,000 fine for each offense. The trial court ordered the sentences to run consecutively. In one issue, appellant contends he did not enter his pleas freely and voluntarily. We affirm.

## I. FACTUAL BACKGROUND

On June 5, 2009, appellant, intending to celebrate his high-school graduation, bought a bottle of vodka and a 30-pack of beer. He and three friends began drinking alcohol and smoking marihuana. Shortly before 9:00 p.m., appellant drove a Mercury Sable east onto South Padre Island Drive at a high rate of speed. At that time, Christobal Isaac, a local musician, was driving two friends, Sethen Waid and John Saenz, to a movie theater. As Isaac approached Airline Road, the appellant rear-ended Isaac's vehicle, a Honda Element, at a speed in excess of ninety miles per hour. The Honda went over the guardrail and rolled over two times, landing on the access road. Isaac and Waid were ejected from the vehicle. The medical evidence showed that Isaac died from blunt-force injuries consistent with a high-speed collision. Waid suffered a severe skull fracture along with traumatic brain injury. At the time of appellant's punishment trial, Waid was bedridden and "unresponsive." Saenz, who was wearing his seatbelt, received minor injuries.

Jonathan Barraza, who was traveling on SPID at the time of the collision, approached the Mercury just as appellant was getting out of it. When appellant exited his vehicle, he told Barraza, "'I'm sorry.'" Barraza testified there was "[n]o question at all" that appellant was driving the vehicle that rear-ended Isaac's Honda.

Officer Leopoldo Hernandez, who investigated the collision, testified there was no evidence to show that any other vehicle struck Isaac's Honda. Appellant testified that shortly before the collision, he drank "an excessive amount" of alcohol. After the collision, laboratory analysis of appellant's blood showed he had a 0.22 blood-alcohol level.

## II. APPLICABLE LAW

"A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). Consequently, a person must enter a guilty plea knowingly, intelligently, and voluntarily so that the plea is consistent with due process of law. *Id.* (citing *Boykin*, 395 U.S. at 242). "To be 'voluntary,' a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises." *Id.* (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). In *Aguirre-Mata v. State*, the court of criminal appeals said that the *Boykin* Court stated "generally that state courts should make sure that a guilty-pleading defendant has a full understanding of what the plea connotes and of its consequences." 125 S.W.3d 473, 475 (Tex. Crim. App. 2003) (internal quotes omitted).

## III. DISCUSSION

In his sole issue, appellant argues he did not enter his guilty pleas freely and voluntarily. Specifically, he contends his pleas were not knowing, intelligent, and voluntary because the trial court did not substantially comply with the requirements of

3

code of criminal procedure article 26.13(a) and (b) when admonishing him about: (1) his citizenship and immigration status; (2) the range of punishment attached to each offense; (3) the trial court's power to cumulate his sentences; and (4) whether he was competent to enter his pleas.

## A. Citizenship and Immigration Status

Appellant contends the trial court did not inquire about his citizenship status. Article 26.13(a)(4) requires that, before accepting a guilty plea, the trial court admonish the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law[.]" TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (West Supp. 2010).

Here, the supplemental record [1] included a transcript of the trial court's admonishments to appellant. During that proceeding, the trial court asked appellant the following questions: (1) "Is your name Clayton Johnson?"; (2) "Do you speak and understand the English language?"; and (3) "Are you a citizen of the United States of America?" Appellant answered affirmatively to all of these questions. When the record shows a defendant is a United States citizen, the trial court's failure to admonish him about the immigration consequences of his plea is harmless error. *VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007).

## B. Punishment Range

Appellant contends the trial court failed to admonish him about the punishment range for each offense. Article 26.13(a)(1) requires that, before accepting a guilty plea,

---

[1] This Court file-stamped the supplemental record on February 11, 2011.

the trial court must admonish the defendant of "the range of the punishment attached to the offense[.]" TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1). Substantial compliance is sufficient unless a defendant affirmatively shows he was not aware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. *Id.* art. 26.13(c). However, a trial court does not substantially comply with article 26.13(a)(1) if the judge "wholly failed to admonish appellant regarding the applicable range of punishment." *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002).

"Failure to admonish a defendant on the direct consequences of his guilty plea is statutory rather than constitutional error." *Id.* In *Burnett*, the court of criminal appeals stated:

> Courts of appeals must conduct the harm analysis of statutory errors, as a species of "other errors," under rule 44.2(b), disregarding the error unless it "affect[ed] [appellant's] substantial rights." For claims of non-constitutional error, we, like the Supreme Court, hold that "a conviction should not be overturned unless, after examining the record as a whole, a court concludes that an error may have had 'substantial influence' on the outcome of the proceeding." Put another way, if the reviewing court has "a grave doubt" that the result was free from the substantial influence of the error, then it must treat the error as if it did. "Grave doubt" means that "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." Thus, "in cases of grave doubt as to harmlessness the petitioner must win."

> "[N]either the State nor appellant must demonstrate harm when [a non-constitutional] error has occurred. Rather, it is the appellate court's duty to assess harm after a proper review of the record. Accordingly, a conviction must be reversed on direct appeal if the record shows that a defendant was unaware of the consequences of his plea and that he was misled or harmed by the trial court's failure to admonish him regarding the range of punishment."

> Thus, a reviewing court must independently examine the record for indications that a defendant was or was not aware of the consequences of his plea and whether he was misled or harmed by the trial court's failure to

5

admonish him of the punishment range. . . . [T]o warrant a reversal on direct appeal, the record must support an inference that appellant *did not know* the consequences of his plea. Reviewing courts must examine the entire record to determine whether, on its face, anything in that record suggests that a defendant did not know the consequences of his plea—here, the range of punishment. Of course, a silent record would support such an inference. The reviewing court also may simultaneously consider record facts from which one would reasonably infer that a defendant did know the consequences of his plea or, in this case, was actually aware of the range of punishment. It is ultimately the responsibility of the reviewing court to determine whether the record supports or negates the defendant's assertion of harm. If, after a conscientious examination of the record, the reviewing court is left with "grave doubt" on the matter, the error is not harmless.

*Id.* at 637–39 (emphasis in original) (citations omitted).

Here, the record contains evidence showing that appellant knew the punishment range for both offenses. During voir dire, at which appellant was present, the trial court informed[2] the venire members of the punishment range for each offense. In addition, during voir dire, the prosecutor explained the punishment ranges to the jury panel as follows:

> Let me talk about the range of punishment. . . . Let me take the first offense, intoxication manslaughter. The range of punishment as Judge Villarreal has indicated is a minimum of two years in prison and a maximum of 20 years in prison. . . .
>
> Now also for intoxication assault, probation or community supervision is a possible punishment, if the person is qualified. . . .
>
> \* \* \*
> With that said, is there anybody here who could not consider the entire range of punishment for an intoxication manslaughter case? That would be anywhere from probation to 20 years in prison. . . .

Is there anybody here who could not consider the entire range of

---

[2] The trial court told the jury panel: "[T]he range of punishment is from probation all the way to the penitentiary. Count 1 [intoxication manslaughter] being from two years to 20 years. And then in Count 2 [intoxication assault] two years to 10 years."

6

punishment of anywhere between two years and 10 years in prison or probation for intoxication assault?

Even though appellant was present during voir dire, the record does not show that either he or his defense counsel objected or tried to withdraw his guilty pleas during voir dire, despite the fact that the trial court and the prosecutor informed the jury about the range of punishment for each offense. Furthermore, after the jury of twelve was sworn in, appellant formally entered his pleas as follows:

(The State read aloud Count 1.)

THE COURT:        How do you plead to Count 1, Mr. Johnson?

THE DEFENDANT: Guilty.

*   *   *

(The State read aloud Count 2.)

THE COURT:        How do you plead to Count 2, guilty or not guilty?

THE DEFENDANT: Guilty.

*See Burnett*, 88 S.W.3d at 640 (where trial court failed to admonish accused about the punishment range in accordance with article 26.13(a)(1), the court of criminal appeals considered that accused was present during voir dire, that during voir dire the judge, prosecutor, and defense counsel admonished the jury on the punishment range, that accused did not seek to withdraw his guilty plea during voir dire, and after the jury was sworn, formally pleaded guilty). In addition, the trial court in the case before us read the punishment charge to the jury in open court. The charge detailed the range of punishment for each offense. Defense counsel did not object, and there was no on-the-record reaction or protest from appellant when the charge was read. Neither

7

appellant nor his defense counsel ever objected that appellant was not aware of the punishment range for either offense. The record does not include a motion for new trial, alleging appellant was not aware of the range of punishment for each offense.

There is in fact nothing in the record to show that appellant was unaware of the range of punishment for each offense. Without any evidence in the record to support an inference that appellant did not know the range of punishment for each offense, we cannot find that the trial court's failure to admonish him regarding the range of punishment misled or harmed him. *See id.* at 641.

**C. Whether Appellant Entered His Guilty Pleas Freely and Voluntarily**

Appellant states the record "is silent on whether [he] entered his pleas freely and voluntarily." Trial courts are not required to make an "express inquiry" with regard to whether a plea was freely and voluntarily made to comply with article 26.13. *See Basham v. State*, 608 S.W.2d 677, 678–79 (Tex. Crim. App. 1980). Nevertheless, we note that, before appellant pleaded guilty to both offenses, he, his defense counsel, and the prosecutor signed a document entitled "Judicial Confession and Stipulation," which stated, in relevant part, "I am pleading guilty to the offense of COUNT 1: INTOXICATION MANSLAUGHTER and COUNT 2: INTOXICATION ASSAULT because I am guilty. My plea is freely, voluntarily, knowingly, and intelligently given." The record shows that appellant's guilty pleas were the expression of his own free will. Nothing in the record shows that his guilty pleas were induced by threats, misrepresentations, or improper promises.

**D. Consecutive Sentencing**

Appellant states the record is silent on the issue of whether he "was aware . . . of the Trial Court's [sic] power to order that the sentences be served consecutively." Appellant does not cite any authority, or provide any argument, with respect to how the trial court's failure to admonish on the possibility of stacking his sentences prevented him from entering his pleas freely and voluntarily. "The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Appellant's failure to brief this issue constitutes a waiver of the argument. *See Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) (stating that failure to cite relevant authority waives error).

Nevertheless, we hold appellant's argument lacks merit. Even though the trial court did not admonish him that it could order his sentences to run consecutively, "a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences. It will not be rendered involuntary by lack of knowledge as to some collateral consequence." *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). The court of criminal appeals has further explained that direct consequences are those that are "definite and largely or completely automatic," and that a trial court is only required to advise a defendant of direct consequences that are "punitive in nature or specifically enunciated in the law." *Mitschke v. State*, 129 S.W.3d 130, 135, 136 (Tex. Crim. App. 2004).

We note that article 26.13 does not require the trial court to admonish on consecutive or cumulative sentences. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13. In

9

*McGrew v. State*, we stated, after citing case law from several federal appellate courts, "[w]e agree that the imposition of consecutive sentences is not a direct consequence of a guilty plea, and a plea is not rendered involuntary by the trial court's failure to warn of such a possibility." 286 S.W.3d 387, 391 (Tex. App.—Corpus Christi 2008, no pet.). Because the trial court's ability to cumulate appellant's sentences was a collateral consequence of his guilty pleas, he has failed to establish that his pleas were involuntary due to the trial court's failure to warn of that consequence. *See id.*

### E. Competency

Appellant states the record "is silent on whether [he] was competent to enter his pleas." However, appellant does not cite any authority, or provide any argument, with respect to how the trial court's failure to inquire about his competency to enter his guilty pleas prevented him from entering his pleas freely and voluntarily. "The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Appellant's failure to brief this issue constitutes a waiver of the argument. *See Tong*, 25 S.W.3d at 710. Furthermore, appellant does not argue, and the record does not show, that he was incompetent at any time, including the time he pleaded guilty to the offenses. The sole issue for review is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of November, 2011.