

**NUMBERS**
**13-11-00653-CR**
**13-11-00654-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**REBECCA LYNN WILLIAMS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 252nd District Court**
**of Jefferson County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Chief Justice Valdez**[1]

Appellant, Rebecca Lynn Williams, was convicted of theft and forgery—state jail felonies. *See* TEX. PENAL CODE ANN. § 31.03 (a), (b)(1), (e)(4)(A) (West Supp. 2011), § 32.21(b), (d) (West 2011). Williams received a sentence of two years' confinement in

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

the State Jail for the conviction of theft and a sentence of one year in State Jail for the forgery conviction.  The trial court ordered that the forgery sentence run consecutive to the theft sentence.  By three issues, Williams contends that the trial court improperly cumulated her sentences.  We affirm.

## I.    BACKGROUND

In trial court cause number 08-05321, Williams was indicted for "intentionally or knowingly unlawfully appropriat[ing] property, by acquiring and exercising control of corporeal personal property, namely SHINGLES, owned by [Complainant], . . . of the value of at least Fifteen Hundred Dollars and less than Twenty Thousand Dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant" on December 3, 2008.  In trial court cause number 09-05372, Williams was indicted for "intentionally and knowingly, with intent to defraud and harm another, forge, by passing to Lucille Cooper, a [check] that had been made, completed, and executed so that it purported to be the act of another who did not authorize that act, to-wit:  the act of Randall Glaze . . ." and Williams "passed said [check] with knowledge that said writing was forged."

Williams pleaded guilty to each offense.  At the plea hearing, the trial court deferred adjudication, and for each offense, the trial court placed Williams on community supervision for a period of three years.  Subsequently, the State filed a motion to revoke Williams's community supervision.  After Williams pleaded true to three violations of the terms of her community supervision, the trial court found Williams guilty of forgery and theft, revoked her community supervision, and sentenced her to two years' incarceration for the theft and one year incarceration for the forgery.  The trial

2

court orally pronounced that the sentences were to run consecutively.  This appeal followed.

## II.    VOLUNTARINESS OF PLEA

By her first issue, Williams contends that the trial court failed to admonish her concerning the possibility that if the trial court revoked her community supervision, the sentences could be stacked.  Williams generally argues that the failure to admonish a defendant of this possibility renders the plea involuntary.

Williams states that "[n]owhere in the Statement of Facts prepared by the Court Reporter from the hearings held, can [Williams] discern when the Trial Court orally admonished [her] that if there would be a revocation, that the sentence after the revocation could be made consecutive or cumulative."  Williams does not cite any authority, or provide any argument, establishing that the trial court's failure to admonish on the possibility of stacking her sentences prevented her from entering her pleas freely and voluntarily.[2]  *See* TEX. R. APP. P. 38.1(i).

Nonetheless, we note that "a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences.  It will not be rendered involuntary by lack of knowledge as to some collateral consequence."  *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999).  The court of criminal appeals has further explained

---

[2] Williams does generally cite *Copeland v. State*, stating that "[i]f there had been [an admonishment concerning the possibility of consecutive sentences upon revocation], as there was in [*Copeland*], then [Williams's] position would be more tenuous.  No. 06-06-00076-CR, 2006 Tex. App. LEXIS 8524 at *9–10 (Tex. App.—Texarkana Oct. 3, 2006, pet. ref'd) (mem. op., not designated for publication).  In *Copeland*, the court of appeals found that the record did not support the appellant's contention that the State was permitted to "change the deal" at the revocation hearing.  *Id.* at *8.  In so finding, the court merely pointed out that the trial court had admonished the appellant of the possibility that upon revocation, the sentences could be stacked; therefore, the appellant was aware of the possibility that the sentences could be stacked, and his argument that the State changed the deal was not meritorious.  *Id.* at *9–10.  The *Copeland* court did not state that a judgment is void or involuntary if a trial court fails to make such an admonition.  *See id.*  Therefore, we are not persuaded by Williams's citation to this case.

3

that direct consequences are those that are "definite and largely or completely automatic" and that a trial court is only required to advise a defendant of direct consequences that are "punitive in nature or specifically enunciated in the law." *Mitschke v. State*, 129 S.W.3d 130, 135–36 (Tex. Crim. App. 2004).

In *McGrew v. State*, we stated, "We agree that the imposition of consecutive sentences is not a direct consequence of a guilty plea, and a plea is not rendered involuntary by the trial court's failure to warn of such a possibility." 286 S.W.3d 387, 391 (Tex. App.—Corpus Christi 2008, no pet.). Because the trial court's cumulation of Williams's sentences was a collateral consequence of her guilty pleas, she has failed to establish that her pleas were involuntary due to the trial court's failure to warn of that consequence.[3] *See id.* Accordingly, we overrule Williams's first issue.

### III. CONSECUTIVE SENTENCES

By her second issue, Williams contends that the trial court improperly stacked her jail sentences. *See* TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2011). Williams argues that section 3.03 prohibited the stacking of the sentences in this case because the cases were prosecuted in a single criminal action. *See id.*; *Robbins v. State*, 914 S.W.2d 582, 584 (Tex. Crim. App. 1996); *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). Under section 3.03 of the Texas Penal Code, sentences generally cannot be stacked if the crimes arise out of the same criminal episode and are prosecuted in a single criminal action. *See* TEX. PENAL CODE ANN. § 3.03(a).

---

[3] "A consequence has been defined as 'collateral,' rather than 'direct,' where 'it lies within the discretion of the court whether to impose it,' or where 'its imposition is controlled by an agency which operates beyond the direct authority of the trial judge.'" *State v. Jimenez*, 987 S.W.2d 886, 889 n.5 (Tex. Crim. App. 1999) (en banc); *McGrew v. State*, 286 S.W.3d 387, 391 (Tex. App.—Corpus Christi 2008, no pet.).

4

Williams does not contend that the crimes that she was convicted of committing arose out of the same criminal episode. Furthermore, the record does not support such a finding. The record shows that Williams allegedly committed theft on December 3, 2008 by unlawfully appropriating shingles owned by Anthony Brown with the intent to deprive Brown of the property without his consent. *See id.* § 31.03 (a), (b)(1). Williams allegedly committed forgery on November 19, 2008 by signing Randall Glaze's name on a check and then passing the check to Lucille Cooper with the intent to defraud and harm another. *See id.* § 32.21(b). There is no evidence in the record that Williams committed the theft and the forgery pursuant to the same transaction or pursuant to two or more transactions that were connected or constituted a common scheme or plan. *See id.* § 3.01(1) (West 2011) (defining a "criminal episode"). Moreover, Williams does not argue that these offenses are the same or similar. *See id.* § 3.01(2). Thus, we cannot conclude that these offenses arose out of the same criminal episode. *See id.* We overrule Williams's second issue.

## IV. CRUEL AND UNUSUAL PUNISHMENT

By her third issue, Williams generally contends that the sentences were disproportionate because the trial court ordered them to run consecutively. Thus, Williams argues the sentences constituted cruel and unusual punishment. *See* U.S. CONST. amend. VIII.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." *Id.* The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.*

5

amend. XIV. This right—like every constitutional or statutory right—can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object, the appellant did not preserve an argument that the sentence was grossly disproportionate to offense); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (same); *see Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *see also Jones v. State*, No. 09-10-00397-CR, 2011 Tex. App. LEXIS 2374, at *3–4 (Tex. App.—Beaumont March 30, 2011, no pet.) (mem. op., not designated for publication) (determining that the appellant had waived her argument that the sentence imposed was disproportionate and was unreasonable under the eighth amendment by failing to object). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see* TEX. R. APP. P. 33.1; *see also Jones*, 2011 Tex. App. LEXIS 2374, at *3–4.

Here, Williams did not object when the trial court pronounced that the sentences were to run consecutively or complain of the sentence in any post-trial motion. Therefore, Williams has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479; *see also Jones*, 2011 Tex. App. LEXIS 2374, at *3–4. Moreover, even had Williams preserved error, a punishment falling within the limits prescribed by a valid statute, as in this case, is not usually excessive, cruel, or unusual.[4] *See Trevino*, 174 S.W.3d at 928; *see also Stevens v. State*, 667 S.W.2d 534, 538 (Tex. Crim. App. 1984) (providing that cumulating a sentence is not cruel and unusual punishment) (citing *Baird v. State*, 455 S.W.2d 259 (Tex. Crim. App. 1970)). We overrule Williams's third issue.

## V. CONCLUSION

We affirm the trial court's judgments.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
29th day of March, 2012.

---

[4] Williams was convicted of two state jail felonies, each of which carried a punishment range of 180 days to two years of confinement and a fine of up to $10,000. *See* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2011).

7