ACCEPTED
04-14-00050-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/22/2015 6:08:26 PM
KEITH HOTTLE
CLERK

**CAUSE NO. 04-14-00050-CR**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
6/22/2015 6:08:26 PM
KEITH E. HOTTLE
Clerk

**IN THE FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS**

**TAYLOR RAE ROSENBUSCH,**
**Appellant**

**V.**

**THE STATE OF TEXAS,**
**Appellee**

**Appeal from the 226th District Court of Bexar County, Texas
Trial Court Cause Numbers 2011-CR-11074 & 2011-CR-11075**

**APPELLANT'S REPLY BRIEF**

John F. Carroll
Attorney at Law
111 West Olmos Drive
San Antonio, Texas 78212
Telephone:  (210) 829-7183
Facsimile:  (210) 829-0734
SBN: 03888100
jcarrollsatx@gmail.com

***Attorney for Appellant***

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ..................................................................................................**ii**

**TABLE OF AUTHORITIES** ..........................................................................................**iii**

    Cases ..............................................................................................................................**iii**

    Statutes and Rules ....................................................................................................**iii**

**REPLY TO AUTHORITIES CITED BY STATE IN RESPONSE TO ISSUES FOR REVIEW ONE-THREE: FAILURE TO ADMONISH ON CUMULATION OF SENTENCES** ................................................................................................................. **1**

**CONCLUSION** ................................................................................................................**3**

**CERTIFICATE OF SERVICE.** ......................................................................................**4**

**CERTIFICATE OF COMPLIANCE** ............................................................................**4**

# TABLE OF AUTHORITIES

CASES

*Garza v. State*, 788 S.W.2d 651, 657 (Tex. App.-Corpus Christi 1990)………………..3

*McGrew v. State,* 286 S.W.3d 387 (Tex. App.-Corpus Christi, 2008, no pet.) ………..1

*Millslagle v. State*, 150 S.W.3d 781, 784-785 (Tex. App. – Austin 2004)...……………3

*Simmons v. State,* 457 S.W.2d 281 (Tex. Crim. App. 1970)..………..………..………..2

*Tyson v. State*, 172 S.W.3d 172, 176(Tex. App.-Fort Worth 2005)..…………………..3

STATUTES AND RULES

Code of Criminal Procedure 26.13.……………….………………….…………....2

Texas Rules of Appellate Procedure 38.…………….………….…….…………1

TO THE HONORABLE FOURTH COURT OF APPEALS:

Now Comes Taylor Rae Rosenbusch, Appellant, and files this Appellant's Reply Brief as follows:

**REPLY TO AUTHORITIES CITED BY STATE IN RESPONSE TO ISSUES FOR REVIEW ONE-THREE: FAILURE TO ADMONISH ON CUMULATION OF SENTENCES**

In her first three issues for review, Appellant has complained of the trial court's failure to admonish her prior to accepting her guilty pleas as to the court's power to cumulate her sentences as to the two indictments in issue. Specifically, Appellant complains that the trial court's failure to so admonish resulted in a violation of due process and due course of law and rendered her guilty pleas involuntary.

In response, the State cites *McGrew v. State,* 286 S.W.3d 387 (Tex. App.-Corpus Christi, 2008, no pet.) for the proposition that a failure to admonish as to the possibility of consecutive sentencing does not result in an involuntary guilty plea. However, that ruling is actually dicta. In *McGrew*, the Court of Appeals found, and held, that the issue had been waived under Tex. R. App. P. 38 due to the failure to brief. That was the holding of the Court of Appeals. The Court did go on to state, in *dicta*, that the point on appeal was without merit because there was no obligation of the trial court to admonish as to the possibility of a consecutive sentence. The Court of Appeals recognized that the issue had not yet been addressed by the Court of Criminal Appeals. In addition to the fact that the ruling was dicta, the *McGrew* case presented a different set of circumstances as it involved a single charge and a single conviction and a single sentence (as opposed to the two indictments for two deaths arising from a single act and the simultaneous prosecution

1

of the two cases). The cumulation order related to an already existing conviction for which the defendant had previously been sentenced and was actually serving the sentence-he was on parole and was facing revocation of that parole as a result of the new offense conduct. In the instant case there was no prior conviction and no prior or existing imposition of sentence. The trial court admonished Appellant once as to the range of punishment:

> THE COURT: Okay. Step up a little bit closer. I just need to hear you. So my understanding is that to both of these counts you have pled guilty. Is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. Before I accept that plea, I need to make sure that you understand the consequences and that your plea is free and voluntary. The range of punishment for what you just pled to is a felony of the second degree. A person convicted of that level of offense, and these are same levels, is by confinement of no less than two years nor more than 20 years and up to a $10,000 fine, possible fine. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

(RR Vol. IV, page 4, lines 11-23).

The State also cited *Simmons v. State,* 457 S.W.2d 281 (Tex. Crim. App. 1970). That case involved pleas of guilty to multiple charges. The trial court imposed concurrent sentences-not cumulative. The defendant asserted on appeal that article 26.13, Code of Criminal Procedure, required that the trial court admonish a defendant of the possibility of cumulative sentences. The Court held that Article 26.13 did not require such an admonishment. The defendant did not raise the issue of whether his plea was rendered involuntary as a result of the failure to so admonish or whether such admonishments were

2

required as a matter of due process and due course of law. There was no cumulation order under review in that case.

Finally, the State cited three cases as authority for the proposition that a defendant is not entitled to notice of the trial court's authority to cumulate sentences. Each of the cited cases involved pleas of not guilty and trials on guilt innocence to a jury. The voluntariness of guilty pleas was not in issue: *Tyson v. State*, 172 S.W.3d 172, 176 (Tex. App. – Fort Worth 2005, pet. ref'd)(guilt innocence tried on charges of aggravated sexual assault and sexual assault of a child); *Millslagle v. State*, 150 S.W.3d 781, 784-785 (Tex. App. – Austin 2004, pet ref'd, untimely filed)(cumulation of sentences imposed after a trial on guilt innocence for indecency with a child and aggravated sexual assault-Court of Appeals relied on several factors including that total sentence did not exceed the statutory maximum for any one offense of conviction-in the instant case the twenty four year cumulative sentence exceeds the statutory maximum for a second degree felony); *Garza v. State*, 788 S.W.2d 651, 657 (Tex. App. – Corpus Christi 1990, no pet.)(guilt innocence trial on three charges-sentences cumulated with previously imposed sentence that was based on a guilty plea).

### CONCLUSION

WHEREFORE, for the reasons stated herein and in her principal Brief, Appellant Taylor Rosenbusch respectfully requests that the Court reverse the judgment and sentence imposed and remand this case to the trial court for a new trial, or set aside the punishment verdict and remand the case to the trial court for a new trial on the issue of punishment, or set aside the trial court's order cumulating sentences.

3

Respectfully submitted,

John F. Carroll
Attorney At Law
111 West Olmos Drive
San Antonio, Texas 78212
210/829-7183 - Telephone
210/829-0734 - Facsimile
jcarrollsatx@gmail.com

ATTORNEY FOR APPELLANT,
TAYLOR RAE ROSENBUSCH

By: /s/ John F. Carroll
John F. Carroll
State Bar No. 03888100

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above has been delivered to the Bexar County District Attorney's Office, Paul Elizondo Tower, 101 W. Nueva, 4th Floor, San Antonio, Texas 78205 on the 22nd day of June, 2015.

/s/ John F. Carroll
John F. Carroll

## CERTIFICATE OF COMPLIANCE

I certify under Texas Rule of Appellate Procedure 9.4(i)(3) that this Brief was prepare using Microsoft Word and that the word count shows that the total number of words in this brief is 1203 on the 22nd day of June, 2015.

/s/ John F. Carroll
John F. Carroll