

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00050-CR

Taylor Rae **ROSENBUSCH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR11075
Honorable Dick Alcala, Judge Presiding

Opinion by:      Jason Pulliam, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Karen Angelini, Justice
                 Jason Pulliam, Justice

Delivered and Filed:  October 14, 2015

AFFIRMED

Taylor Rae Rosenbusch was indicted in two separate causes of intoxication manslaughter. The cases was tried together, and Rosenbusch pled guilty to both offenses. After the jury sentenced Rosenbusch to twelve years imprisonment for each offense, the trial court cumulated the sentences. On appeal, Rosenbusch contends: (1) the trial court's failure to admonish her regarding the possible cumulation of her sentences violated her due process rights and caused her plea to be involuntary; (2) article 42.08 of the Texas Code of Criminal Procedure is unconstitutional in allowing the trial court to cumulate sentences without any standards or controls; (3) the trial court

erred in not including an instruction in the jury charge regarding its discretion to cumulate sentences; and (4) the trial court erred in allowing the jury to view a recreation of the automobile collision. We overrule Rosenbusch's issues and affirm the trial court's judgment.

## BACKGROUND

Rosenbusch was driving the wrong way on an interstate highway when she collided with another vehicle, killing the driver and his passenger. Rosenbusch's blood alcohol concentration approximately one hour after the crash was .26, and her blood alcohol concentration approximately two and a half hours after the crash was .18.

As previously noted, Rosenbusch pled guilty to two counts of intoxication manslaughter. After hearing three days of evidence, the jury assessed a sentence of twelve years for each offense and found the deadly weapon allegation true. After the jury assessed the sentence, the trial court granted the State's motion to cumulate the sentences. Rosenbusch appeals.

## ADMONISHMENTS

In her first three issues, Rosenbusch challenges the trial court's failure to admonish her regarding the trial court's ability to cumulate sentences. Rosenbusch contends the failure to admonish her in this regard violated her constitutional rights to due process and due course of law and resulted in her plea being involuntary. The State responds the trial court was not required to admonish Rosenbusch regarding the trial court's ability to cumulate sentences because the cumulation of sentences is a collateral consequence of Rosenbusch's plea, not a direct consequence.

"Consistent with due process, a guilty plea must be made with a clear understanding of direct consequences of the plea." *Mitschke v. State*, 129 S.W.3d 130, 132 (Tex. Crim. App. 2004). A direct consequence is one that "is definite and largely or completely automatic." *Id*. at 135. A

collateral consequence is one that "'lies within the discretion of the court whether to impose it.'" *Id*. at 134 n.4 (quoting *United States v. Kikuyama*, 109 F.3d 536, 537 (9th Cir. 1997)).

The Texas Court of Criminal Appeals previously held article 26.13 of the Texas Code of Criminal Procedure did not obligate a trial court "to inform an accused pleading guilty or nolo contendere of its discretion to cumulate sentences when admonishing him of the consequences of his plea." *Simmons v. State*, 457 S.W.2d 281, 283 (Tex. Crim. App. 1970). In *Simmons*, however, the court only discussed whether the admonishment was statutorily required. *See id*. The court did not discuss whether the imposition of consecutive sentences was a direct consequence of a plea. *See McGrew v. State*, 286 S.W.3d 387, 391 n.4 (Tex. App.—Corpus Christi 2008, no pet.) (commenting on limited holding).

Although the issue has not been directly addressed by the Texas Court of Criminal Appeals, other Texas courts of appeal and federal circuits which have addressed the issue have held "the imposition of consecutive sentences is a collateral consequence of a guilty plea, and the failure to warn of this possibility does not render the plea involuntary in violation of the defendant's due process rights." *McGrew*, 286 S.W.3d at 391 (citing *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005); *United States v. Hurlich*, 293 F.3d 1223, 1231 (10th Cir. 2002); *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000); *United States v. Ferguson*, 918 F.2d 627, 631 (6th Cir. 1990); *United States v. Wills*, 881 F.2d 823, 827 (9th Cir. 1989); *United States v. Ray*, 828 F.2d 399, 417-19 & n.19 (7th Cir. 1987)); *see also Vuicich v. State*, No. 11-13-00380-CR, 2015 WL 1869457, at *2 & n.5 (Tex. App.—Eastland Apr. 23, 2015, no pet.) (not designated for publication); *Fowler v. State*, No. 08-11-00027-CR, 2012 WL 983189, at *6 (Tex. App.—El Paso Mar. 21, 2012, pet. ref'd) (not designated for publication). Trial courts have broad discretion to cumulate sentences. *Barrow v. State*, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006) (discussing trial court's broad discretion in deciding whether to cumulate sentences); *Smith v. State*, 575

S.W.2d 41, 41 (Tex. Crim. App. 1979) ("Normally, the trial judge has absolute discretion to cumulate sentences."). As a result, the imposition of consecutive sentences is not "definite and largely or completely automatic," and, therefore, is not a direct consequence of a guilty plea. *Mitschke*, 129 S.W.3d at 135; *see also McGrew*, 286 S.W.3d at 391. Because the trial court was not required to admonish Rosenbusch regarding its discretion to cumulate her sentences, Rosenbusch's first three issues are overruled.

## CONSTITUTIONALITY OF ARTICLE 42.08

In her fourth issue, Rosenbusch contends article 42.08 violates her constitutional right to due process during sentencing because the statute contains no standards to control the trial court's exercise of discretion. The State responds Rosenbusch did not preserve this complaint for our review. The State further responds article 42.08 does not violate Rosenbusch's constitutional right to due process.

"Statutes are presumed to be constitutional until it is otherwise determined." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). "[A] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Id*. In this case, Rosenbusch did not object to the trial court's cumulation of the sentences on the basis that article 42.08 is unconstitutional. Accordingly, this issue has not been preserved for appellate review.

Even if Rosenbusch preserved her complaint for our review, in *Barrow v. State*, the Texas Court of Criminal Appeals addressed and rejected the same due process argument Rosenbusch raises in the instant appeal. 207 S.W.3d at 380-81. In *Barrow*, the appellant argued "that the decision by the trial court to cumulate his sentences [was] a violation of due process because it [was] essentially arbitrary, there being no definite or concrete criteria that govern the decision to cumulate." *Id*. at 380. The appellant further asserted the decision to cumulate sentences is so arbitrary that it allows the trial court to exercise "'statutorily authorized judicial despotism.'" *Id*.

at 380-81.  The court held the discretionary decision to cumulate sentences "no more violates due process than does the decision, by judge or jury, of what particular sentence to impose within the statutorily prescribed range of punishment."  *Id.* at 381.  The court further explained:

> As we have already noted, aside from a few specific instances where the range of punishment depends upon the determination of discrete facts, "[d]eciding what punishment to assess is a normative process, not intrinsically factbound." Indeed, we have described the jury's discretion to impose any punishment within the prescribed range as essentially "unfettered." Subject only to a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the jury's (or trial court's, in a bench trial) informed normative judgment, is unassailable on appeal. The same thing is true for the discretionary decision whether to cumulate sentences. The Legislature was not required to provide the option to cumulate sentences at all. That the Legislature did so provide, but then reserved the cumulation aspect of punishment for the judge rather than the jury, does not change its essentially normative, non-fact-bound character.
> The discretionary assessment of punishment within legislatively prescribed boundaries has long been ingrained and accepted in American jurisprudence. In *United States v. Booker*, the Supreme Court observed that it has "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." Further, the Court went on to say, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." We do not believe that the legislatively endowed, normative decision whether to cumulate sentences exceeds that level of discretion that the Supreme Court has always recognized as consistent with due process. The Legislature has charged the trial court with the determination of whether to cumulate, and the trial court is free to make this determination so long as the individual sentences are not elevated beyond their respective statutory maximums.

*Id*. at 381-82 (internal citations omitted).  Accordingly, Rosenbusch's fourth issue is overruled.

### JURY CHARGE

In her fifth issue, Rosenbusch contends the trial court erred in failing to instruct the jury regarding its intention to cumulate her sentences.[1]  Rosenbusch contends the trial court should be

---

[1] In her brief, Rosenbusch also makes reference to the trial court's ability to cumulate sentences as violating her right to have a jury determine her sentence; however, during oral argument, counsel stated this was not the basis for his argument.  As previously noted, the Texas Court of Criminal Appeals has concluded the Legislature's reservation of "the cumulation aspect of punishment for the judge rather than the jury, does not change its essentially normative,

required to decide if the sentences will be cumulated before the charge is submitted to the jury, and the jury should be instructed regarding the trial court's decision and whether the sentences will run concurrently or consecutively. Rosenbusch asserts the need for such an instruction was demonstrated in the instant case by a note the jury sent inquiring about whether the sentences would be served consecutively or concurrently.[2]

When analyzing a jury charge issue on appeal, this court first determines if there was error, and if so, whether the error caused sufficient harm to warrant a reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). The amount of harm necessary to warrant a reversal depends on whether the appellant objected to the jury charge. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)). Acknowledging that no objection was made to the absence of an instruction relating to the cumulation of sentences in the jury charge, Rosenbusch concedes the record must show egregious harm in order for her to be entitled to a reversal for a new punishment hearing. *Reeves*, 420 S.W.3d at 816.

In her brief, Rosenbusch cites no authority for the proposition that a trial court errs in failing to include an instruction in the jury charge regarding the trial court's discretion to cumulate sentences. The State, however, cites several cases holding the trial court does not err in refusing to give such an instruction. *Moore v. State*, 339 S.W.3d 365, 369 (Tex. App.—Amarillo 2011), *aff'd as modified on other grounds*, 371 S.W.3d 221 (Tex. Crim. App. 2012); *Stewart v. State*, 221

---

non-fact-bound character." *Barrow*, 207 S.W.3d at 381. Therefore, Rosenbusch's right to have a jury decide any fact that increases the penalty for a crime is not violated when the trial court orders the cumulation of sentences which individually lie within the statutory range of punishment. *See Tyson v. State*, 172 S.W.3d 172, 176-77 (Tex. App.—Fort Worth 2005, pet. ref'd); *Marrow v. State*, 169 S.W.3d 328, 330-31 (Tex. App.—Waco 2005, pet. ref'd); *Jaramillo v. State*, No. 04–01–00846–CR, 2003 WL 21395548, at *2 (Tex. App.—San Antonio June 18, 2003, pet. ref'd) (not designated for publication).

[2] Defense counsel made no objection to the trial court responding to the note by informing the jury, "The Court is not permitted to respond to your questions, please follow the instructions in the Charge of the Court and continue your deliberations."

S.W.3d 306, 316 (Tex. App.—Fort Worth 2007, no pet.); *Clay v. State*, 102 S.W.3d 794, 798 (Tex. App.—Texarkana 2003, no pet.). Because the cumulation of sentences is within the trial court's discretion and does not involve any facts a jury is required to decide, we follow the holdings of our sister courts and hold the trial court did not err in not instructing the jury regarding the trial court's ability to cumulate sentences. *See Levy v. State*, 860 S.W.2d 211, 213 (Tex. App.—Texarkana 1993, pet. ref'd) ("In the absence of specific constitutional or statutory authority to do so, the court should not instruct the jury as to . . . how long a defendant will be required to actually serve under a given sentence."). Accordingly, Rosenbusch's fifth issue is overruled.

## JURY VIEW

In her final issue, Rosenbusch contends the trial court erred in allowing the jury to view a recreation of the placement of the automobiles in the position in which they would have been located immediately prior to the collision. Rosenbusch contends the jury view was not relevant, was not conducted under the same conditions as existed at the crime scene, and the probative value of the jury view was outweighed by dangers of unfair prejudice and needless presentation of cumulative evidence.

1.      Jury View at Trial

Prior to trial, the State filed a notice of its intent to have the jury view the vehicles involved in the collision. Rosenbusch filed a response to the State's notice asserting the facts in the case did not warrant a jury view and arguing the State's intent was to inflame and shock the jury. Rosenbusch further asserted the jury view was not necessary for the jury to contextualize the damaged vehicles and merely bolstered the photographs that would be admitted of the vehicles at the crime scene. Finally, Rosenbusch asserted the probative value of the jury view was substantially outweighed by the dangers of unfair prejudice and needless presentation of cumulative evidence.

Outside the presence of the jury, defense counsel renewed his objection to the jury view during trial, arguing the jury view would be cumulative of the photographs of the scene that already were admitted into evidence and overly prejudicial. In response, the State asserted the photographs did not show the location of the vehicles prior to the collision. The State also asserted the jury view would allow the jury to see the vehicles from a 360 degree angle and show the jury the severity of the damage. Defense counsel responded no issue was in dispute with regard to the collision or its severity, and the vehicles looked exactly the same as they did in the photographs. Defense counsel further asserted one of the prosecutors told him the State wanted the jury to view the vehicles because the victims' vehicle had a child's car seat in the back seat. The State denied this assertion and stated the car seat was also visible in the photographs. Arguing "[t]here's not a single issue in dispute that seeing those things [could resolve]," defense counsel asserted the jury view could only be inflammatory. The trial court overruled Rosenbusch's objection.

2.     Harmless Error

For purposes of this opinion, we will assume the trial court erred in admitting the jury view. Therefore, we will limit our discussion to whether allowing the jury view, assuming it was error, requires a reversal of the trial court's judgment.

Any error in allowing the jury view would not require a reversal unless it affected Rosenbusch's substantial rights. TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Cole v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). In conducting this harm analysis, we consider "everything in the record" including other testimony and evidence before the jury and "the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). This court will not overturn Rosenbusch's conviction for non-constitutional error if this court, "after examining the

record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The evidence established Rosenbusch was driving the wrong way down the highway and subsequent testing showed her blood alcohol content to be .26, more than three times the legal limit of .08. Before the jury view, the jury already had been presented with photographs of the vehicles after the collision and photographs of the victims' bodies at the scene. The jury also heard testimony from the victims' families about the victims' lives and about the impact of their deaths on the families' lives. Photographs of the victims with their families were introduced into evidence. The jury further heard Rosenbusch's testimony that she voluntarily ingested two beers, some mixed drinks, four or five shots of tequila, and some homemade liquor before driving. Rosenbusch testified that in the two years before the accident, she consumed alcohol every day and used cocaine. Rosenbusch further testified if the trial judge ordered her not to drive as a condition of probation "[i]t would be a pain," and she would not want to serve a twenty-year sentence to give the victims' families peace of mind. Finally, Rosenbusch testified that she previously had driven while intoxicated and after using cocaine, had previously experienced blackouts, and had previously driven while experiencing blackouts. In view of this evidence, and after reviewing the record as a whole, even if the trial court abused its discretion in allowing the jury view, we have a "fair assurance that the [jury view] did not influence the jury, or had but a slight effect." *Id.*; *see also Ford*, 2015 WL 1523020, at *4.

## CONCLUSION

The trial court's judgment is affirmed.

Jason Pulliam, Justice

DO NOT PUBLISH