**Emmett Dewayne BEASLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–84–0264–CR.**

Court of Appeals of Texas, Amarillo.

Dec. 10, 1985.

Maguire, Vanderpool & Ladd, Phil N. Vanderpool, Pampa, for appellant

Guy Hardin, Dist. Atty., David Hamilton, Asst. Dist. Atty., Pampa, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Emmett Dewayne Beasley brings this appeal from his conviction of burglary. On August 23, 1984, the trial jury found appellant guilty, and, appellant having properly filed his election to have punishment set by the jury, on the same day the matter proceeded to a punishment hearing. The jury returned its verdict assessing the punishment at eleven years confinement in the Department of Corrections. The trial court executed a proper judgment carrying forward those findings of the jury.

■ However, in its sentence, the trial court provided that it would be cumulative to another prior sentence of appellant and, in addition, attempted to reduce the punishment to four years confinement with the comment that "[i]n reducing the term of confinement from Eleven (11) years to Four (4) years, the Court has taken into

consideration any and all jail time credit which might be attributable to this offense." The attempted reduction was improper. A trial judge has discretion as to whether or not to give statutorily permissible credit on sentences, Tex.Code Crim. Proc.Ann. art. 42.03 (Vernon Supp.1984), and as to whether any sentence should be cumulative to or concurrent with any other sentence for which a defendant may be liable, Tex.Code Crim.Proc.Ann. art. 42.08 (Vernon 1979). However, once a jury verdict assessing punishment has been received by the court and entered of record, the trial court is not entitled to change the verdict of the jury. *Smith v. State*, 479 S.W.2d 680, 681 (Tex.Crim.App.1972). Therefore, in the case *sub judice*, the trial court had no authority to alter the verdict once it had been accepted and the jury discharged. *Ramirez v. State*, 587 S.W.2d 144, 146 (Tex.Crim.App.1979). Clearly, although the trial court's judgment was correctly entered, its reduction of punishment in the sentence was an attempt to alter the jury's verdict and was therefore erroneous.

The situation presented to this Court is not the same presented to the Court in *Bogany v. State*, 661 S.W.2d 957 (Tex. Crim.App.1983). In *Bogany* the verdict of the jury was not authorized by law and was therefore void at its inception. *Id.* at 959. The verdict in the instant cause was valid and in conformity with the penalty legally authorized. Tex.Penal Code Ann. § 12.33 (Vernon 1974) and § 30.02 (Vernon 1974).

Tex.Code Crim.Proc.Ann. art. 44.24(b) (Vernon Supp.1985) provides:

> (b) The courts of appeals and the Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment *or may enter any other appropriate order, as the law and nature of the case may require.* (Emphasis added.)

In *Milczanowski v. State*, 645 S.W.2d 445, 447 (Tex.Crim.App.1983), the Court said that when a trial is by jury, "the written verdict provides the basis for reforming an erroneous recitation in a judgment and sentence." In *Bogany*, 661 S.W.2d at 958, the Court specifically noted the authority of an appellate court to reform an erroneous judgment or sentence "[w]here the Court has the necessary data and evidence before it for reformation."

■ The Court of Criminal Appeals has also recognized the power of a trial court, when its original assessment of punishment was erroneous, to correct its sentence. *See Cooper v. State*, 527 S.W.2d 898, 899 (Tex.Crim.App.1975). That Court has also said that where punishment has been incorrectly set by the trial court, the appellate court need not order a reversal of the conviction on that ground, but may remand for proper assessment of punishment. *Ramirez v. State*, 578 S.W.2d at 147. In a case such as this, where the verdict and judgment are correct and only the sentence is in error, the situations are analogous, and reversal for new trial is not required.

The record does not reveal the period of time appellant has been incarcerated and we cannot determine the amount of credit to which appellant is entitled. Moreover, it is a reasonable inference from the record that the trial court may have considered its attempted reduction of punishment time in ordering that the punishment time assessed in this cause be cumulative to a prior sentence. This, of course, is a matter solely within the discretion of the trial judge. In summary, while the verdict of the jury is clear, we do not have all the necessary data and evidence before us to reform the sentence, nor can we determine whether the trial court would have chosen to "stack" that sentence had it realized its reduction of sentence was ineffective.

In view of the teaching of the above cases, because of the nature of this case and in pursuance of the authority granted us under Tex.Code Crim.Pro. art. 44.24(b), we abate this appeal and remand the cause to the trial court for the entry of a sentence consistent with the jury verdict. When this is done, the sentence will be included in a supplemental transcript and

forwarded to this Court. Appellant shall have a period of thirty days after approval of the supplemental transcript within which to file a supplemental brief. If appellant files such a supplemental brief, the State shall have a period of thirty days after appellant files his supplemental brief within which to file a reply brief.