PD-1466-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/14/2015 4:49:31 PM
Accepted 12/15/2015 4:06:40 PM
ABEL ACOSTA
CLERK

CAUSE NO. PD-1466-15

_____

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

_____

TAYLOR RAE ROSENBUSCH,
Petitioner

V.

THE STATE OF TEXAS,
Respondent

_____

On Petition for Discretionary Review From the Fourth Court of Appeals
Court of Appeals Consolidated Case No. 04-14-00050-CR
Trial Court Cause Numbers 2011-CR-11074 and 2011-CR-11075

_____

**PETITION FOR DISCRETIONARY REVIEW**

_____

John F. Carroll
Attorney at Law
111 West Olmos Drive
San Antonio, Texas 78212
Telephone: (210) 829-7183
Facsimile: (210) 829-0734
SBN: 03888100
jcarrollsatx@gmail.com

*Attorney for Petitioner*

FILED IN
COURT OF CRIMINAL APPEALS

December 15, 2015

ABEL ACOSTA, CLERK

ORAL ARGUMENT REQUESTED

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

Petitioner identifies the following persons pursuant to Texas Rule of Appellate Procedure 68.4(a):

**Trial Court Judge:**
Hon. Dick Alcala
Sitting By Assignment in 226th
District Court of Bexar County

**Petitioner:**
Taylor Rae Rosenbusch

**Trial Counsel for State:**
Eric Fuchs and Clayton Haden
Assistant Criminal District Attorneys
Bexar County Criminal District Attorney's Office
Paul Elizondo Tower
101 W.Nueva Street
San Antonio, Texas 78205

**Appellate Counsel for State:**
Lauren Scott
Assistant Criminal District Attorneys
Bexar County Criminal District Attorney's Office
Paul Elizondo Tower
101 W.Nueva Street
San Antonio, Texas 78205

**Trial Counsel for Petitioner:**
Michael McCrum
MCCRUM LAW OFFICE
700 N. St. Mary's St. # 1900
San Antonio Texas 78205

Alan Brown
BROWN & NORTON
222 E. Main Plaza
San Antonio, Texas 78205

**Appellate Counsel for Petitioner:**
John F. Carroll
111 West Olmos Drive
San Antonio, Texas 78212

# TABLE OF CONTENTS

**Identity of Judge, Parties and Counsel** ...................................................................... ii

**Table of Contents** ........................................................................................................ iv

**Table of Authorities** .................................................................................................. vii

   STATUTES AND RULES ......................................................................................... vii

**STATEMENT REGARDING ORAL ARGUMENT** ...........................................1

**STATEMENT OF THE CASE** ...........................................................................2

**STATEMENT OF PROCEDURAL HISTORY** .................................................3

**GROUNDS FOR REVIEW** ................................................................................4

   **Ground No. One** ..........................................................................................4

   **Ground No. Two** .........................................................................................4

   **Ground No. Three** .......................................................................................4

   **Ground No. Four** ........................................................................................4

   **Ground No. Five** .........................................................................................4

**INTRODUCTION AND STATEMENT OF FACTS PERTINENT TO**

**GROUNDS FOR REVIEW** ................................................................................5

**ARGUMENT** ......................................................................................................6

  **I.**   **Grounds for Review One through Three: Trial Court Should Admonish**

   **on the Possibility of Consecutive Sentences** .......................................................6

     **Ground No. One (Restated)** ...................................................................6

**Ground No. Two (Restated)**.................................................................6

**Ground No. Three (Restated)** ...........................................................6

   a. **Holding of Court of Appeals** ..............................................6

   b. **Reasons for Granting Review** ...........................................7

   c. **Argument and Authorities Under Grounds for Review One, Two and Three**.....................................................................7

      1. **No Admonishment on Authority to Cumulate Sentences** ................8

      2. **The Significance of a Cumulation Order Requires Notice From the Court Prior to Accepting a Guilty Plea**......................................................9

      3. *This Court's Previous Holding Approving the Unfettered Authority to Cumulate Sentences Mandates that a Trial Court Admonish Defendants of Such Authority* ...................................................................9

**II. Ground for Review Four: Because There are No Standards By Which a Trial Court Can Determine Whether to Cumulate Sentences, Article 42.08 is Unconstitutional** ...........................................................11

**Ground No. Four (Restated)**.............................................................11

   a. **Holding of Court of Appeals** ..............................................11

   b. **Reasons for Granting Review** ...........................................12

   c. **Argument and Authorities Under Ground for Review Number Four** 12

**III.  Ground for Review Five: The Jury Should Be Instructed as to the Trial Court's Authority to Cumulate Sentences**..............................14

**Ground No. Five (Restated)**..........................................14

a. **Holding of Court of Appeals** ...........................................15

b. **Reasons for Granting Review** ........................................15

c. **Argument and Authorities Under Ground for Review Number Five** 16

**CONCLUSION**........................................................................20

**CERTIFICATE OF SERVICE** ..........................................22

**CERTIFICATE OF COMPLIANCE** ................................22

**APPENDIX**

Opinion of the Court of Appeals Dated October 14, 2015

# TABLE OF AUTHORITIES

**CASES**

*Aguirre-Mata v. State,* 125 S.W.3d 473 (Tex. Crim. App. 2003) ...........................8

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984)...................................20

*Barrow v. State*, 207 S.W.3d 377 (Tex. Crim. App. 2006) ............................. 10, 12

*Beasley v. State*, 718 S.W.2d 304 (Tex. Crim. App. 1985) ....................................19

*Boykin v. Alabama*, 395 U.S. 238 (1969) ...............................................................7

*Brady v. United States*, 397 U.S. (1970)..............................................................7, 8

*Carney v. State* 573 S.W.2d 24 (Tex. Crim .App. 1978).........................................8

*Kniatt v. State,* 206 S.W. 3d 657 (Tex. Crim. App. 2006).......................................7

*Kolender v. Lawson*, 461 U.S. 352,357-358 (1983) ..............................................14

*McMillan v. Pennsylvania*, 477 U.S. 79, 85 (1986) ..............................................13

*Quintana v. State*, 777 S.W.2d 474 (Tex. App. – Corpus Christi 1989, pet. ret'd) ...8

*Skilling v. United States*, 130 S.Ct. 2896, 2927-2928 (2010)..................................14

*Smith,* 575 S.W.2d 41 (Tex. Crim. App. 1979) .......................................................8

*United States v. Booker*, 125 S. Ct. 738 (2005).......................................................11

*United States v. Booker*, 125 S. Ct. 738, 753 (2005)...............................................13

*Vitek v. Jones*, 445 U.S. 480 (1980).......................................................................13

**STATUTES AND RULES**

Tex. Code Crim. Proc. 37.07 ..................................................................................18

Tex. Code Crim. Proc. 37.07, §2(b)................................................................17

Tex. Code Crim. Proc. Art. 36.14...............................................................17

Tex. Code Crim. Proc. Art. 37.07, §3(b) ............................................... 17, 19

Tex. Code Crim. Proc. Art. 37.07, Sec. 2(b) ...........................................20

Tex. Code Crim. Proc. Art. 42.08............................. 4, 10, 11, 12, 13, 14

Tex. Code Crim. Proc. Art. 42.08(b) .......................................................13

Tex. Pen. Code § 3.03(b)(1)(A) ..............................................................12

Tex. Pen. Code Sec. 3.03(a)....................................................................13

**CONSTITUTIONAL PROVISIONS**

Article I, Section 10, Texas Constitution............................................4, 6

Article I, Section 19, Texas Constitution...........................................9, 11

Fifth and Fourteenth Amendments to the United States Constitution.... 4, 11, 13, 14

**STATEMENT REGARDING ORAL ARGUMENT**

Petitioner respectfully requests the opportunity to present oral argument in this case. This case involved two indictments for intoxication manslaughter arising out of a single traffic accident. The jury was selected in one day. Evidence was presented over the course of three days. On the last day of the trial, arguments were presented and the jury's verdicts were returned. The jury imposed a sentence of twelve years in each of the cases that were tried. But then, with the stroke of a pen, the trial court doubled the impact by cumulating the sentences. There are significant issues in this case regarding the future of a devastated and tragic young person, the due process rights to be informed of the consequences of a plea, the responsibility of a trial court to fully admonish a person as to sentencing consequences, the constitutionality of the cumulation statute and duty of the trial court to inform the jury at sentencing. Oral argument regarding these issues is appropriate, it is important to the jurisprudence of and the manner of the administration of justice in this State.

## STATEMENT OF THE CASE

Petitioner was charged by two separate indictments with the offenses of intoxication manslaughter arising out of a single automobile accident in which two persons riding together in a vehicle tragically lost their lives. (CR 4-14-50-CR p. 12; CR 4-14-688-CR p. 15)[1] A jury was selected and sworn. Petitioner entered a plea of guilty to both indictments and the trial proceeded on the issue of punishment. The issue of punishment was submitted to the jury. (CR 34-35) The jury returned punishment verdicts of a sentence of confinement in prison for a term of twelve years in each case. (CR 34-35) The jury also made affirmative findings of the use of a deadly weapon in each case. (CR 34-35) After the jury verdicts were received, the State presented a Motion for the Court to Cumulate the sentences. (CR 29-31)The trial court granted the motion. (CR 31)

---

[1] All references to the Record are to the record in this case No. 04-14-00050-CR, unless otherwise specified

## STATEMENT OF PROCEDURAL HISTORY

The judgments and sentences in both cases were appealed to the Fourth Court of Appeals and assigned case numbers 4-14-00050-CR and 4-14-00688-CR. The Court of Appeals consolidated both cases into a single case number, 4-14-00050-CR. The Court of Appeals handed down an opinion on October 14, 2015. No Motion for Rehearing was filed. This Court granted a Motion to Extend Time to File Petition for Discretionary Review on November 12, 2015 setting the deadline for filing a Petition for Discretionary Review as December 14, 2015.

# GROUNDS FOR REVIEW

**Ground No. One:** Under the circumstances of this case, due process required that the trial court admonish Petitioner that she was subject to a total range of punishment of up to 40 years in prison as a result of the trial court's authority to cumulate her sentences. U.S. CONST. Amends V and XIV. (RR Vol. IV, pp. 3-8)

**Ground No. Two:** Under the circumstances of this case, due course of law required that the trial court admonish Petitioner that she was subject to a total range of punishment of up to 40 years in prison as a result of the trial court's authority to cumulate her sentences. Article I, Section 10 of the Texas Constitution. (RR Vol. IV, pp. 3-8)

**Ground No. Three:** Petitioner's plea of guilty was involuntary and should be set aside because she was not admonished at the time that she entered a guilty plea that she was subject to a total range of punishment of up to 40 years in prison as a result of the trial court's authority to cumulate her sentences. (RR Vol. IV, pp. 3-8)

**Ground No. Four:** Article 42.08 of the Texas Code of Criminal Procedure is unconstitutional as applied to this case in that it fails to provide for any due process rights in connection with a determination to cumulate sentences and is subject to arbitrary application.(CR 29-31)

**Ground No. Five:** The trial court committed error in failing to submit an instruction to the jury in the Court's Charge on Punishment regarding cumulation of sentences.(RR VII, pp. 9-17)

## INTRODUCTION AND STATEMENT OF FACTS PERTINENT TO GROUNDS FOR REVIEW

Tony Morin and Keith Hernandez lost their lives in a traffic accident when the car they were travelling in collided with a vehicle being driven by Taylor Rosenbusch, the Petitioner. She was intoxicated and was driving the wrong way on Interstate 35 on the city's northeast side. Petitioner was nineteen years old at the time of the accident. (RR Vol. V, p. 125; RR Vol. VIII, State Ex. 52, p. 1). She had no prior criminal record.

The State chose to secure two separate indictments against Petitioner. (CR 4-14-00050-CR, p. 12; CR 4-14-00688-CR, p. 15). The two indictments were identical except for the name of the complainant. Both indictments were based on the exact same conduct by Ms. Rosenbusch and both were based on the single accident that she caused. As a result, Taylor was subjected to the exact same punishment that she would have received if she had caused a person's death in a drunk driving accident, got released on bond and went out the very next week, got heavily intoxicated and caused the death of a second person in a second drunk driving accident. But that is not what happened.

In this case, Taylor Rosenbusch entered a plea of guilty before the jury. (RR Vol. IV, p.4). Prior to accepting such guilty plea, to both indictments, the trial court inquired of Ms. Rosenbusch regarding her decision and admonished her regarding certain rights and consequences. (RR Vol. IV, pp. 3-8). The trial court's

5

admonishments did not include a warning that any sentences imposed by the jury were subject to the trial court's decision to cumulate them. She was not warned that she may have to serve consecutive sentences and that the effective range of punishment was not a maximum of twenty years, but rather, a maximum of forty years.

## ARGUMENT

### I. Grounds for Review One through Three: Trial Court Should Admonish on the Possibility of Consecutive Sentences

**Ground No. One (Restated):** Under the circumstances of this case, due process required that the trial court admonish Petitioner that she was subject to a total range of punishment of up to 40 years in prison as a result of the trial court's authority to cumulate her sentences. U.S. CONST. Amends V and XIV. (RR Vol. IV, pp. 3-8)

**Ground No. Two (Restated):** Under the circumstances of this case, due course of law required that the trial court admonish Petitioner that she was subject to a total range of punishment of up to 40 years in prison as a result of the trial court's authority to cumulate her sentences. Article I, Section 10 of the Texas Constitution. (RR Vol. IV, pp. 3-8)

**Ground No. Three (Restated):** Petitioner's plea of guilty was involuntary and should be set aside because she was not admonished at the time that she entered a guilty plea that she was subject to a total range of punishment of up to 40 years in prison as a result of the trial court's authority to cumulate her sentences. (RR Vol. IV, pp. 3-8)

#### a. Holding of Court of Appeals

The Court of Appeals held that the possibility of the imposition of consecutive sentences is a collateral consequence of a guilty plea and the failure to warn of this possibility does not render the plea involuntary in violation of the defendant's due

6

process rights. (Court of Appeals Opinion, pages 3-4, Appendix). The Court of Appeals recognized that this issue has not been directly addressed by this Court. (Appendix, page 3).

b.  **Reasons for Granting Review**

As shown by the Argument and Authorities set forth below, the Court of Appeals has decided an important question of state and federal law that has not been, but should be, settled by the Court of Criminal Appeals. Tex. R. App. P. 66.3(a). Whether due process and due course of law require that a trial court admonish a guilty pleading defendant as to its authority to cumulate sentences has not been determined by this Court.

c.  **Argument and Authorities Under Grounds for Review One, Two and Three**

A guilty plea constitutes a waiver of three significant constitutional rights: the right to a jury trial, the right to confront one's accusers and the right not to incriminate oneself. *Kniatt v. State*, 206 S.W. 3d 657, 664 (Tex. Crim. App. 2006)(citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Consequently, a guilty plea cannot be entered and accepted unless it is made knowingly, intelligently and voluntarily so that the plea is consistent with due process of law. Id., citing *Boykin*, 395 U.S. at 242. "To be voluntary, a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Id*. (citing *Brady v. United States*, 397 U.S. 742, 755 (1970). In

7

*Aguirre-Mata v. State*, this Court said that the *Boykin* Court stated "generally that state courts should make sure that a guilty pleading defendant has a full understanding of what the plea connotes and of its consequences." 125 S.W.3d 473, 475 (Tex. Crim. App. 2003). The record must affirmatively disclose that a defendant who pleaded guilty entered his or her plea understandingly and voluntarily. *Brady v. United States*, 397 U.S. 742, 758 (1970).

Admonishment as to the range of punishment to include the potential for cumulation of sentences is necessary to satisfy the requirements of due process. Under Texas law, so long as the law authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences. *Quintana v. State*, 777 S.W.2d 474, 480 (Tex. App. – Corpus Christi 1989, pet. ref'd); *Smith* 575 S.W.2d at 41, 41 (Tex. Crim. App. 1979).; *Carney v. State* 573 S.W.2d 24, 27 (Tex. Crim .App. 1978).

### 1.    *No Admonishment on Authority to Cumulate Sentences*

In this case, Taylor Rosenbusch entered a plea of guilty before the jury. (RR Vol. IV, p.4). Prior to accepting such guilty plea, to both indictments, the trial court inquired of Ms. Rosenbusch regarding her decision and admonished her regarding certain rights and consequences. (RR Vol. IV, pp. 3-8). The trial court's admonishments did not include a warning that any sentences imposed by the jury were subject to the trial court's decision to cumulate them. She was not warned that

she may have to serve consecutive sentences and that the effective range of punishment was not a maximum of twenty years, but rather, a maximum of forty years.

### 2. *The Significance of a Cumulation Order Requires Notice From the Court Prior to Accepting a Guilty Plea*

Because of the significance of a cumulation order, due process requires that a guilty plea is involuntary and should not stand unless the record clearly shows that an understanding of the consequences of the plea includes notice of the trial court's unfettered discretion to cumulate sentences. *See e.g.*, <u>Boykin v. Alabama</u>, 395 U.S. 238, 243 (1969)(defendant must have a full understanding of what the plea connotes and its consequences). That did not happen in the instant case and the trial court's failure to fully admonish rendered the guilty plea involuntary. In addition to the federal constitutional requirements for due process, the due course of law guarantee under the Texas Constitution should require no less than such admonishments as to the trial court's authority to cumulate sentences. Article I, Section 19, Texas Constitution.

### 3. *This Court's Previous Holding Approving the Unfettered Authority to Cumulate Sentences Mandates that a Trial Court Admonish Defendants of Such Authority*

The difference between concurrent and consecutive sentences is significant. It can result in an actual doubling of the sentence imposed and, as seen in the instant

case, can be accomplished by the mere stroke of a pen. (CR 31) This Court has held that the cumulation of individual sentences does not implicate discrete fact finding that affects the statutory maximum punishment and, as a result, does not activate the Sixth Amendment right to a jury determination mandated by the United States Supreme Court's decision in *Apprendi* and following cases. <u>*Barrow v. State*</u>, 207 S.W.3d 377 (Tex. Crim. App. 2006). Specifically, in *Barrow*, this Court held that a trial court's discretionary authority to impose cumulative sentences did not violate due process. In so holding, this Court stated that the discretionary decision to cumulate sentences "no more violates due process than does the decision, by judge or jury, of what particular sentence to impose within the statutorily prescribed range of punishment". *Barrow*, 207 S.W.3d at 381.

One cannot have it both ways. If discretionary cumulation is merely another aspect of sentencing within the prescribed range of punishment (as held in *Barrow*), then a trial judge must admonish a guilty pleading defendant of its cumulation authority in order to ensure the plea is knowing and voluntary. It is art of the statutory range of punishment. On the other hand, if cumulation authority is not part of the sentencing "within the statutorily prescribed range of punishment", then the *Barrow* decision is flawed and cumulation of sentences under Article 42.08 of the Code of Criminal Procedure is unconstitutional.

10

Accused persons must be afforded due process and due course of law in connection with cumulation orders as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19, Texas Constitution. A trial court should be required to admonish defendants of its cumulation authority. The right to due process applies to criminal sentencing determinations. *See e.g. United States v. Booker*, 125 S. Ct. 738, 753 (2005).

Taylor Rosenbusch was harmed by the trial court's failure to admonish her as to the consecutive sentencing provisions of the law that applied to her case. As a result, the convictions and sentences imposed should be set aside and the cases remanded for a new trial. The failure to so admonish rendered the guilty pleas involuntary and the convictions and sentences imposed should be set aside and the cases remanded for a new trial.

## II. Ground for Review Four: Because There are No Standards By Which a Trial Court Can Determine Whether to Cumulate Sentences, Article 42.08 is Unconstitutional

**Ground No. Four (Restated):** Article 42.08 of the Texas Code of Criminal Procedure is unconstitutional as applied to this case in that it fails to provide for any due process rights in connection with a determination to cumulate sentences and is subject to arbitrary application.(RR 29-31)

### a. Holding of Court of Appeals

Petitioner asserted in the Court of Appeals that the cumulation statute, Article 42.08 of the Code of Criminal Procedure is unconstitutional in violation of due process. The Court of Appeals held that the same due process argument had been

11

addressed and rejected in *Barrow v. State*, 207 S.W.3d 377 (Tex. Crim. App. 2006)(Appendix, at pages 4-5).

### b. <u>Reasons for Granting Review</u>

As shown by the Argument and Authorities set forth below, the Court of Appeals has decided an important question of state and federal law that has not been, but should be, settled by the Court of Criminal Appeals. Tex. R. App. P. 66.3(a). Whether Article 42.08 is an unconstitutional grant of authority to the trial court in violation of due process and due course of law was not specifically addressed in this Court's decision in *Barrow* and has not been determined by this Court.

### c. <u>Argument and Authorities Under Ground for Review Number Four</u>

This Court's decision in Barrow did not directly address the point raised by Petitioner. In Barrow, this Court declined to extend the Supreme Court's *Apprendi* decision to a trial court's cumulation authority. Petitioner's argument does not implicate *Apprendi*. Rather, Petitioner objects to Article 42.08 as being arbitrary in violation of due process. There really are no guidelines for determining whether a sentence should be cumulated in a case such as the instant case. It is simply discretionary. See Texas Penal Code § 3.03(b)(1)(A) and Texas Code of Criminal Procedure 42.08. The legislature has mandated in certain circumstances that a sentence must be cumulative. Such as when a person commits an offense while he is an inmate of the institutional division. In such case, the statute requires that any

12

sentence received on the new offense must be cumulated with the sentence he was serving at the time of the commission of the offense. Tex. Code Crim. Proc. Art. 42.08(b). Cases tried together which arise out of the same criminal episode must not be cumulated and must run concurrently, unless specifically excepted from that rule. Tex. Pen. Code § 3.03(a). There is no mandatory cumulation requirement in cases such as the instant case. Tex. Pen. Code § 3.03(b)(1)(A). There is no prescribed process for entering a cumulation order. See Tex. Code Crim. Proc. Art. 42.08. There is no process for notifying an accused person that a cumulation order is being contemplated. There is no process for an accused person to be heard on the issue of whether sentences should be cumulated.

A person is entitled to due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution in criminal sentencing. *United States v. Booker*, 125 S. Ct. 738, 753 (2005); *McMillan v. Pennsylvania*, 477 U.S. 79, 85 (1986). In *Vitek v. Jones*, 445 U.S. 480 (1980), the Supreme Court held that the involuntary transfer of a state prisoner to a state mental hospital without notice and an adversary hearing violated the due process clause of the Fourteenth Amendment. *Id*. at 491-492. Because the transfer constituted the deprivation of a liberty interest, the prisoner was entitled to the due process rights of notice and a hearing prior to the entry of an order directing the transfer. In the instant case, the entry of a cumulation order under article 42.08 of the Code of Criminal Procedure impacts a liberty interest

in that it results in an increased punishment. Specifically in this case, an increase of twelve years in the sentence that Ms. Rosenbusch will be required to serve. Due process requires that there be procedural protections enacted so that a person's liberty interests are not adversely impacted without the required constitutional protections.

As it is presently constructed, article 42.08 provides no such protections and, therefore, violates the due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution. In addition, because there are no guidelines or standards for courts to follow in deciding whether to cumulate sentences, article 42.08 is unconstitutionally vague because it is subject to arbitrary determinations in violation of the requirements of due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. *Skilling v. United States*, 130 S.Ct. 2896, 2927-2928 (2010); *Kolender v. Lawson*, 461 U.S. 352,357-358 (1983).

Because the cumulation statute is unconstitutional, the cumulation order entered pursuant to said statute should be set aside and the sentences in the two cases should be ordered to be served concurrently.

III.     **Ground for Review Five: The Jury Should Be Instructed as to the Trial Court's Authority to Cumulate Sentences**

**Ground No. Five (Restated):**   The trial court committed error in failing to submit an instruction to the jury in the Court's Charge on Punishment regarding cumulation of sentences. (RR VII, pp. 9-17)

14

### a. Holding of Court of Appeals

Petitioner argued in the Court of Appeals that the trial court should have instructed the jury in the Court's Charge on Punishment that it had authority to cumulate the sentences. The Court of Appeals, relying on three cases cited by the State, held that no such instruction was necessary. (Appendix at pages 6-7). The three cases cited by the Court of Appeals did not involve situations like the instant case, where the cumulation authority was based solely on the two sentences to be imposed by the jury. Rather, each of the cited cases addressed situations where the defendant was already serving a sentence of imprisonment at the time of the trial and the issue of cumulation related to whether the single sentence to be assessed by the jury would be cumulated with a pre-existing, separately imposed sentence of imprisonment. *See Moore v. State*, 339 S.W.3d 365, 369(Tex. App.-Amarillo 2011); *Stewart v. State*, 221 S.W.3d 306, 316 (Tex. App.-Fort Worth 2007, no pet.); *Clay v. State*, 102 S.W.3d 794, 798 (Tex. App.-Texarkana 2003, no pet.).

### b. Reasons for Granting Review

As shown by the Argument and Authorities set forth below, the Court of Appeals has decided an important question of state and federal law that has not been, but should be, settled by the Court of Criminal Appeals. Tex. R. App. P. 66.3(a). Whether due process and due course of law require that a trial court instruct the jury as to its authority to cumulate sentences has not been determined by this Court.

15

### c. Argument and Authorities Under Ground for Review Number Five

The issue of whether the sentences would run consecutively or concurrently is clearly material to the issue of what sentence should be imposed. That is an issue that Petitioner had a right to be determined by a jury. Indeed, Petitioner signed and filed a written election to have the jury determine her punishment. (CR 27). The jury in this case also was concerned about the issue of consecutive v. concurrent sentences. They were given no instructions on the issue. (R.R. VII, pp. 9-17). They were not asked to answer any questions on the issue. (R.R. VII, pp. 14-17). They were not given any information on which to give the issue consideration. They tried. They were obviously concerned about it. The jury sent out a note during their deliberations asking for guidance. It read: "On the possible sentence to confinement for the two cases, would the terms be served consecutively or concurrently?" (CR 32, RR Vol. VII p. 71). To this very important and germane question, the trial court responded: "The court is not permitted to respond to your questions, please follow the instructions in the Charge of the Court and continue your deliberations." (RR Vol. VII, p. 71). This gave no guidance to the jury at all. And once it was over and the jury had returned its punishment verdict, their decision was taken from their hands, from their influence and from their determination and the trial court entered a short order that doubled the sentence imposed on Taylor. (CR 31)

16

In Texas, people have the right to elect to have a jury determine their sentence in the event they are convicted of a crime. Tex. Code Crim. Proc. 37.07, §2(b). If that right is to have any meaning, the law cannot allow a trial court to make a decision, after the jury carefully deliberates on the appropriate punishment, that doubles the sentence imposed by the jury. That allows for arbitrary results and allows trial courts to override jury sentencing. In addition, there are no guidelines for the trial court to follow in deciding whether to cumulate sentences. To properly balance the statutory authority of the trial court to cumulate certain sentences with the statutory authority of the jury to determine the sentence, there must be communication between the trial court and the jury regarding the issue of cumulation of sentences. The jury should be aware, not only of the trial court's authority to take such action, but must also know whether such action will be taken. Article 36.14 of the Code of Criminal Procedure, entitled "Charge of the Court" requires the trial court to deliver to the jury, "a written charge distinctly setting forth the law applicable to the case…" Tex. Code Crim. Proc. Art. 37.07, §3(b), provides that, after the introduction of…(punishment) evidence has been concluded, and if the jury has the responsibility of assessing the punishment, the court shall give such additional written instructions as may be necessary…"

If the jury is not informed of the trial court's cumulation authority, then the trial court's authority to affect a sentence swallows the accused person's right to a sentence imposed by a jury.

Texas law does not prohibit a trial court from instructing a jury on cumulation of sentences. Tex. Code Crim. Proc. 37.07. To give proper balance to the competing concerns described above, the trial court should be required to make a determination of whether the sentences will run consecutively or concurrently prior to submitting the case to the jury. At that point the evidence is closed and the trial court has all the information it needs in order to make an informed decision on whether to cumulate sentences. If the trial court waits until after the jury returns its verdict on punishment, then the authority to cumulate allows the trial court to "fix" what the jury has done in reaching a verdict and ensure the imposition of a sentence the trial court thinks is appropriate, regardless of the desire and decision of the jury. When the trial court can enter an order that doubles the sentence imposed by the jury, the right to elect a jury to decide punishment becomes illusory. Texas law is clear that a trial court judge has no authority to override a jury decision on punishment. Once a jury verdict assessing punishment has been received by the court and entered of record, the trial court is not entitled to change the verdict of the jury. _Beasley v. State_, 718 S.W.2d 304, 305 (Tex. Crim. App. 1985). However, that is exactly what the trial court can do in cases such as this. The trial court, by a mere order, can double the jury sentence.

18

That has the effect of overriding the jury's verdict. Such a result is contrary to Texas law providing for jury sentencing. That is what happened in this case.

The trial court should make the decision on a State's request to cumulate sentences before submitting the case to the jury and should include in the court's charge an instruction telling the jury whether the sentences they elect to impose will run concurrently or consecutively. This would be an appropriate and necessary instruction under Tex. Code Crim. Proc. Art. 37.07, §3(b). This will eliminate the type of uncertainty that occurred in the instant case when the jury sent out a note asking about cumulation of sentences only to be told that they could not receive further instruction on that issue. It would ensure that the determiner of the proper punishment, the jury, had all the information relevant to its decision to allow it to pronounce a sentence that bore relevance and relation to the actual sentence to be imposed. Such a procedure and instruction would have been appropriate and necessary in the instant case to give full effect to Ms. Rosenbusch' election for jury sentencing. The failure of the trial court to give such an instruction, although not requested by the defense, constituted egregious harm justifying a new punishment hearing in this case. _Almanza v. State_, 686 S.W.2d 157, 160-174 (Tex. Crim. App. 1984).

The harm is evident. Petitioner was sentenced to twelve years in each case. The sentencing jury had no knowledge of whether and to what extent the trial court

19

could order the sentences to run consecutively. The trial court ordered the sentences to run consecutively, thereby ensuring, as a matter of a judicial order, not a jury determination, that she would serve a twenty-four year sentence. The right to have one's sentence determined by the jury is absolute. Tex. Code Crim. Proc. Art. 37.07, Sec. 2(b). Once the defendant makes a proper and timely request, the sentence must be determined by the jury. Despite her proper request, the sentencing determination was effectively made by the trial court. His decision to cumulate sentences overrode the verdict of the jury and caused egregious harm to Taylor Rosenbusch.

The cumulation order should be set aside as a result of the failure to properly instruct the jury, or, alternatively, the punishment verdict should be set aside and the cases remanded to the trial court for a new trial on the issue of punishment.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Appellant Taylor Rosenbusch respectfully requests that the Court grant Discretionary Review and that upon review, that the Court reverse the judgment of the Court of Appeals and reverse the judgments of the trial court in both trial court cases and the sentences imposed and remand this case to the trial court for a new trial, or set aside the punishment verdicts and remand the cases to the trial court for a new trial on the issue of punishment, or set aside the trial court's order cumulating sentences.

Respectfully submitted,

20

John F. Carroll
Attorney At Law
111 West Olmos Drive
San Antonio, Texas 78212
210/829-7183 - Telephone
210/829-0734 - Facsimile
jcarrollsatx@gmail.com

ATTORNEY FOR PETITIONER,
TAYLOR RAE ROSENBUSCH

By:     /s/ John F. Carroll
        John F. Carroll
        State Bar No. 03888100

21

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above has been delivered to the following:

Lauren Scott
Bexar County District Attorney's Office
Paul Elizondo Tower
101 W. Nueva, 4th Floor
San Antonio, Texas 78205

Office of the State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711-3046

On the 14th day of December, 2015.

/s/ John F. Carroll
John F. Carroll

## CERTIFICATE OF COMPLIANCE

I certify under Texas Rule of Appellate Procedure 9.4(i)(3) that this Petition for Discretionary Review was prepared using Microsoft Word and that the word count shows that the total number of words in this Petition under the provisions of Texas Rule of Appellate Procedure 9.4(i)(1) is 4071 on the 14th day of December, 2015.

/s/ John F. Carroll
John F. Carroll

CAUSE NO. PD-1466-15

_____

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

_____

TAYLOR RAE ROSENBUSCH,
Petitioner

V.

THE STATE OF TEXAS,
Respondent

_____

On Petition for Discretionary Review From the Fourth Court of Appeals
Court of Appeals Consolidated Case No. 04-14-00050-CR
Trial Court Cause Numbers 2011-CR-11074 and 2011-CR-11075

_____

**APPENDIX**

_____

John F. Carroll
Attorney at Law
111 West Olmos Drive
San Antonio, Texas 78212
Telephone:  (210) 829-7183
Facsimile:   (210) 829-0734
SBN: 03888100
jcarrollsatx@gmail.com

*Attorney for Petitioner*


No. 04-14-00050-CR

Taylor Rae **ROSENBUSCH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR11075
Honorable Dick Alcala, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Jason Pulliam, Justice

Delivered and Filed:  October 14, 2015

AFFIRMED

Taylor Rae Rosenbusch was indicted in two separate causes of intoxication manslaughter. The cases was tried together, and Rosenbusch pled guilty to both offenses. After the jury sentenced Rosenbusch to twelve years imprisonment for each offense, the trial court cumulated the sentences. On appeal, Rosenbusch contends: (1) the trial court's failure to admonish her regarding the possible cumulation of her sentences violated her due process rights and caused her plea to be involuntary; (2) article 42.08 of the Texas Code of Criminal Procedure is unconstitutional in allowing the trial court to cumulate sentences without any standards or controls; (3) the trial court

erred in not including an instruction in the jury charge regarding its discretion to cumulate sentences; and (4) the trial court erred in allowing the jury to view a recreation of the automobile collision. We overrule Rosenbusch's issues and affirm the trial court's judgment.

## BACKGROUND

Rosenbusch was driving the wrong way on an interstate highway when she collided with another vehicle, killing the driver and his passenger. Rosenbusch's blood alcohol concentration approximately one hour after the crash was .26, and her blood alcohol concentration approximately two and a half hours after the crash was .18.

As previously noted, Rosenbusch pled guilty to two counts of intoxication manslaughter. After hearing three days of evidence, the jury assessed a sentence of twelve years for each offense and found the deadly weapon allegation true. After the jury assessed the sentence, the trial court granted the State's motion to cumulate the sentences. Rosenbusch appeals.

## ADMONISHMENTS

In her first three issues, Rosenbusch challenges the trial court's failure to admonish her regarding the trial court's ability to cumulate sentences. Rosenbusch contends the failure to admonish her in this regard violated her constitutional rights to due process and due course of law and resulted in her plea being involuntary. The State responds the trial court was not required to admonish Rosenbusch regarding the trial court's ability to cumulate sentences because the cumulation of sentences is a collateral consequence of Rosenbusch's plea, not a direct consequence.

"Consistent with due process, a guilty plea must be made with a clear understanding of direct consequences of the plea." *Mitschke v. State*, 129 S.W.3d 130, 132 (Tex. Crim. App. 2004). A direct consequence is one that "is definite and largely or completely automatic." *Id*. at 135. A

collateral consequence is one that "'lies within the discretion of the court whether to impose it.'" *Id*. at 134 n.4 (quoting *United States v. Kikuyama*, 109 F.3d 536, 537 (9th Cir. 1997)).

The Texas Court of Criminal Appeals previously held article 26.13 of the Texas Code of Criminal Procedure did not obligate a trial court "to inform an accused pleading guilty or nolo contendere of its discretion to cumulate sentences when admonishing him of the consequences of his plea." *Simmons v. State*, 457 S.W.2d 281, 283 (Tex. Crim. App. 1970). In *Simmons*, however, the court only discussed whether the admonishment was statutorily required. *See id*. The court did not discuss whether the imposition of consecutive sentences was a direct consequence of a plea. *See McGrew v. State*, 286 S.W.3d 387, 391 n.4 (Tex. App.—Corpus Christi 2008, no pet.) (commenting on limited holding).

Although the issue has not been directly addressed by the Texas Court of Criminal Appeals, other Texas courts of appeal and federal circuits which have addressed the issue have held "the imposition of consecutive sentences is a collateral consequence of a guilty plea, and the failure to warn of this possibility does not render the plea involuntary in violation of the defendant's due process rights." *McGrew*, 286 S.W.3d at 391 (citing *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005); *United States v. Hurlich*, 293 F.3d 1223, 1231 (10th Cir. 2002); *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000); *United States v. Ferguson*, 918 F.2d 627, 631 (6th Cir. 1990); *United States v. Wills*, 881 F.2d 823, 827 (9th Cir. 1989); *United States v. Ray*, 828 F.2d 399, 417-19 & n.19 (7th Cir. 1987)); *see also Vuicich v. State*, No. 11-13-00380-CR, 2015 WL 1869457, at *2 & n.5 (Tex. App.—Eastland Apr. 23, 2015, no pet.) (not designated for publication); *Fowler v. State*, No. 08-11-00027-CR, 2012 WL 983189, at *6 (Tex. App.—El Paso Mar. 21, 2012, pet. ref'd) (not designated for publication). Trial courts have broad discretion to cumulate sentences. *Barrow v. State*, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006) (discussing trial court's broad discretion in deciding whether to cumulate sentences); *Smith v. State*, 575

S.W.2d 41, 41 (Tex. Crim. App. 1979) ("Normally, the trial judge has absolute discretion to cumulate sentences."). As a result, the imposition of consecutive sentences is not "definite and largely or completely automatic," and, therefore, is not a direct consequence of a guilty plea. *Mitschke*, 129 S.W.3d at 135; *see also McGrew*, 286 S.W.3d at 391. Because the trial court was not required to admonish Rosenbusch regarding its discretion to cumulate her sentences, Rosenbusch's first three issues are overruled.

CONSTITUTIONALITY OF ARTICLE 42.08

In her fourth issue, Rosenbusch contends article 42.08 violates her constitutional right to due process during sentencing because the statute contains no standards to control the trial court's exercise of discretion. The State responds Rosenbusch did not preserve this complaint for our review. The State further responds article 42.08 does not violate Rosenbusch's constitutional right to due process.

"Statutes are presumed to be constitutional until it is otherwise determined." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). "[A] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Id*. In this case, Rosenbusch did not object to the trial court's cumulation of the sentences on the basis that article 42.08 is unconstitutional. Accordingly, this issue has not been preserved for appellate review.

Even if Rosenbusch preserved her complaint for our review, in *Barrow v. State*, the Texas Court of Criminal Appeals addressed and rejected the same due process argument Rosenbusch raises in the instant appeal. 207 S.W.3d at 380-81. In *Barrow*, the appellant argued "that the decision by the trial court to cumulate his sentences [was] a violation of due process because it [was] essentially arbitrary, there being no definite or concrete criteria that govern the decision to cumulate." *Id*. at 380. The appellant further asserted the decision to cumulate sentences is so arbitrary that it allows the trial court to exercise "'statutorily authorized judicial despotism.'" *Id*.

at 380-81.  The court held the discretionary decision to cumulate sentences "no more violates due process than does the decision, by judge or jury, of what particular sentence to impose within the statutorily prescribed range of punishment."  *Id.* at 381.  The court further explained:

> As we have already noted, aside from a few specific instances where the range of punishment depends upon the determination of discrete facts, "[d]eciding what punishment to assess is a normative process, not intrinsically factbound." Indeed, we have described the jury's discretion to impose any punishment within the prescribed range as essentially "unfettered." Subject only to a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the jury's (or trial court's, in a bench trial) informed normative judgment, is unassailable on appeal. The same thing is true for the discretionary decision whether to cumulate sentences. The Legislature was not required to provide the option to cumulate sentences at all. That the Legislature did so provide, but then reserved the cumulation aspect of punishment for the judge rather than the jury, does not change its essentially normative, non-fact-bound character.
>
> The discretionary assessment of punishment within legislatively prescribed boundaries has long been ingrained and accepted in American jurisprudence. In *United States v. Booker*, the Supreme Court observed that it has "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." Further, the Court went on to say, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." We do not believe that the legislatively endowed, normative decision whether to cumulate sentences exceeds that level of discretion that the Supreme Court has always recognized as consistent with due process. The Legislature has charged the trial court with the determination of whether to cumulate, and the trial court is free to make this determination so long as the individual sentences are not elevated beyond their respective statutory maximums.

*Id*. at 381-82 (internal citations omitted).  Accordingly, Rosenbusch's fourth issue is overruled.

### JURY CHARGE

In her fifth issue, Rosenbusch contends the trial court erred in failing to instruct the jury regarding its intention to cumulate her sentences.[1]  Rosenbusch contends the trial court should be

---

[1] In her brief, Rosenbusch also makes reference to the trial court's ability to cumulate sentences as violating her right to have a jury determine her sentence; however, during oral argument, counsel stated this was not the basis for his argument.  As previously noted, the Texas Court of Criminal Appeals has concluded the Legislature's reservation of "the cumulation aspect of punishment for the judge rather than the jury, does not change its essentially normative,

required to decide if the sentences will be cumulated before the charge is submitted to the jury, and the jury should be instructed regarding the trial court's decision and whether the sentences will run concurrently or consecutively. Rosenbusch asserts the need for such an instruction was demonstrated in the instant case by a note the jury sent inquiring about whether the sentences would be served consecutively or concurrently.[2]

When analyzing a jury charge issue on appeal, this court first determines if there was error, and if so, whether the error caused sufficient harm to warrant a reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). The amount of harm necessary to warrant a reversal depends on whether the appellant objected to the jury charge. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)). Acknowledging that no objection was made to the absence of an instruction relating to the cumulation of sentences in the jury charge, Rosenbusch concedes the record must show egregious harm in order for her to be entitled to a reversal for a new punishment hearing. *Reeves*, 420 S.W.3d at 816.

In her brief, Rosenbusch cites no authority for the proposition that a trial court errs in failing to include an instruction in the jury charge regarding the trial court's discretion to cumulate sentences. The State, however, cites several cases holding the trial court does not err in refusing to give such an instruction. *Moore v. State*, 339 S.W.3d 365, 369 (Tex. App.—Amarillo 2011), *aff'd as modified on other grounds*, 371 S.W.3d 221 (Tex. Crim. App. 2012); *Stewart v. State*, 221

---

non-fact-bound character." *Barrow*, 207 S.W.3d at 381. Therefore, Rosenbusch's right to have a jury decide any fact that increases the penalty for a crime is not violated when the trial court orders the cumulation of sentences which individually lie within the statutory range of punishment. *See Tyson v. State*, 172 S.W.3d 172, 176-77 (Tex. App.—Fort Worth 2005, pet. ref'd); *Marrow v. State*, 169 S.W.3d 328, 330-31 (Tex. App.—Waco 2005, pet. ref'd); *Jaramillo v. State*, No. 04–01–00846–CR, 2003 WL 21395548, at *2 (Tex. App.—San Antonio June 18, 2003, pet. ref'd) (not designated for publication).

[2] Defense counsel made no objection to the trial court responding to the note by informing the jury, "The Court is not permitted to respond to your questions, please follow the instructions in the Charge of the Court and continue your deliberations."

S.W.3d 306, 316 (Tex. App.—Fort Worth 2007, no pet.); *Clay v. State*, 102 S.W.3d 794, 798 (Tex. App.—Texarkana 2003, no pet.). Because the cumulation of sentences is within the trial court's discretion and does not involve any facts a jury is required to decide, we follow the holdings of our sister courts and hold the trial court did not err in not instructing the jury regarding the trial court's ability to cumulate sentences. *See Levy v. State*, 860 S.W.2d 211, 213 (Tex. App.—Texarkana 1993, pet. ref'd) ("In the absence of specific constitutional or statutory authority to do so, the court should not instruct the jury as to . . . how long a defendant will be required to actually serve under a given sentence."). Accordingly, Rosenbusch's fifth issue is overruled.

**JURY VIEW**

In her final issue, Rosenbusch contends the trial court erred in allowing the jury to view a recreation of the placement of the automobiles in the position in which they would have been located immediately prior to the collision. Rosenbusch contends the jury view was not relevant, was not conducted under the same conditions as existed at the crime scene, and the probative value of the jury view was outweighed by dangers of unfair prejudice and needless presentation of cumulative evidence.

1.      Jury View at Trial

Prior to trial, the State filed a notice of its intent to have the jury view the vehicles involved in the collision. Rosenbusch filed a response to the State's notice asserting the facts in the case did not warrant a jury view and arguing the State's intent was to inflame and shock the jury. Rosenbusch further asserted the jury view was not necessary for the jury to contextualize the damaged vehicles and merely bolstered the photographs that would be admitted of the vehicles at the crime scene. Finally, Rosenbusch asserted the probative value of the jury view was substantially outweighed by the dangers of unfair prejudice and needless presentation of cumulative evidence.

Outside the presence of the jury, defense counsel renewed his objection to the jury view during trial, arguing the jury view would be cumulative of the photographs of the scene that already were admitted into evidence and overly prejudicial. In response, the State asserted the photographs did not show the location of the vehicles prior to the collision. The State also asserted the jury view would allow the jury to see the vehicles from a 360 degree angle and show the jury the severity of the damage. Defense counsel responded no issue was in dispute with regard to the collision or its severity, and the vehicles looked exactly the same as they did in the photographs. Defense counsel further asserted one of the prosecutors told him the State wanted the jury to view the vehicles because the victims' vehicle had a child's car seat in the back seat. The State denied this assertion and stated the car seat was also visible in the photographs. Arguing "[t]here's not a single issue in dispute that seeing those things [could resolve]," defense counsel asserted the jury view could only be inflammatory. The trial court overruled Rosenbusch's objection.

2.      Harmless Error

For purposes of this opinion, we will assume the trial court erred in admitting the jury view. Therefore, we will limit our discussion to whether allowing the jury view, assuming it was error, requires a reversal of the trial court's judgment.

Any error in allowing the jury view would not require a reversal unless it affected Rosenbusch's substantial rights. TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Cole v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). In conducting this harm analysis, we consider "everything in the record" including other testimony and evidence before the jury and "the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). This court will not overturn Rosenbusch's conviction for non-constitutional error if this court, "after examining the

record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The evidence established Rosenbusch was driving the wrong way down the highway and subsequent testing showed her blood alcohol content to be .26, more than three times the legal limit of .08. Before the jury view, the jury already had been presented with photographs of the vehicles after the collision and photographs of the victims' bodies at the scene. The jury also heard testimony from the victims' families about the victims' lives and about the impact of their deaths on the families' lives. Photographs of the victims with their families were introduced into evidence. The jury further heard Rosenbusch's testimony that she voluntarily ingested two beers, some mixed drinks, four or five shots of tequila, and some homemade liquor before driving. Rosenbusch testified that in the two years before the accident, she consumed alcohol every day and used cocaine. Rosenbusch further testified if the trial judge ordered her not to drive as a condition of probation "[i]t would be a pain," and she would not want to serve a twenty-year sentence to give the victims' families peace of mind. Finally, Rosenbusch testified that she previously had driven while intoxicated and after using cocaine, had previously experienced blackouts, and had previously driven while experiencing blackouts. In view of this evidence, and after reviewing the record as a whole, even if the trial court abused its discretion in allowing the jury view, we have a "fair assurance that the [jury view] did not influence the jury, or had but a slight effect." *Id.*; *see also Ford*, 2015 WL 1523020, at *4.

## CONCLUSION

The trial court's judgment is affirmed.

Jason Pulliam, Justice

DO NOT PUBLISH